OPINION
Plaintiff-appellant/cross-appellee Deborah Gallo Leister (hereinafter "wife") appeals the June 19, 1997 Judgment Entry/Decree of Divorce of the Delaware County Court of Common Pleas, Domestic Relations Division, which failed to specify the duration of the marriage as mandated by R.C. 3105.171(G); awarded wife $5,000.00 in attorney fees; ordered child support in the amount of $644.23 per month; provided defendant-appellee/cross-appellant Stephen L. Leister (hereinafter "husband") with extensive visitation with the parties' minor child during holidays and summer recesses; and failed to award wife spousal support. Husband appeals the same relative to the trial court's division and treatment of certain stocks and brokerage accounts.
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on May 23, 1987. One child was born as issue of said union: Matthew (DOB May 23, 1989).
On August 24, 1995, wife filed a complaint for divorce in the Delaware County Court of Common Pleas, Domestic Relations Division. On that same day, wife filed motions for exclusive occupancy of the marital residence and for restraining orders. Via Judgment Entry/Restraining Orders dated August 25, 1995, the trial court ordered husband be restrained and prohibited from harassing or, in any other way, interfering with wife; disposing of, encumbering, transferring, or changing any of the parties' assets; using, canceling, or, in any other way, affecting wife's credit; and canceling or changing the parties' current health insurance.
By agreement of the parties, the magistrate issued an Order dated September 18, 1995, which granted the parties until October 25, 1995, to attempt to work out an agreed disposition of the case and to resolve all outstanding issues. These initial attempts at settlement failed. On November 7, 1995, husband filed his answer pursuant to an agreement between wife's original counsel and husband's counsel. After a number of preliminary hearings and conferences during which continued efforts to resolve the matter were made, the case proceeded to trial before a magistrate on January 9, 1997.
The following evidence was adduced at trial. In August, 1994, husband lost his job with Huntington National Bank. Thereafter, in April, 1995, husband secured a position with Chemical Bank in Midland, Michigan. However, husband lost this job during the summer of 1995. Throughout most of his adult life, husband worked in the banking industry. Wife, on the other hand, became a full-time mother after the birth of the couple's child.
In May, 1996, wife secured employment with the Federal Reserve Bank in Philadelphia, Pennsylvania, as a coordinator for quality interacting. She earns $52,000.00 per year. Wife live at her mother's residence in Vineland, New Jersey with the parties' son. In May, 1996, husband began working for Sun Trust Bank in Orlando, Florida, as a business development officer in charge of national accounts. He earns $70,000.00 per year.
The parties own a residence located at 9143 Leith Drive, Dublin, Ohio, which they purchased for $135,000.00 in March, 1988. Wife hired Mark S. Watson of Watson Appraisal Group to appraise the residence. Watson appraised the home at $160,000.00. Husband valued the residence at $171,132.00. He derived this figure by adding 2% for annual appreciation to the $155,000.00 figure from a certified appraisal performed five years prior to the trial. Husband claimed $16,700.00 of his separate property went into the residence.
Extensive testimony was presented regarding the valuation and identification of certain financial assets of the parties. Wife employed the services of Deloitte Touche, Certified Public Accountants, from Philadelphia, Pennsylvania, to analyze the parties' financial situation. Thomas Grogan, Certified Fraud Examiner with Deloitte Touche, testified regarding the information he had ascertained about the parties' intangible personal property. Grogan offered valuation and identification of those assets. Husband also testified regarding the parties' intangible personal property. He discussed the acqusition of stocks and his reinvestment history. Husband further stated he gifted over 1600 shares of stock to Courtney, his adult daughter from a previous marriage, to assist her in attending college. These stock transfers occurred on June 3, 1988, October 29, 1992, December 28, 1993, and August 11, 1995.
After hearing four days of evidence, the magistrate requested the parties submit their closing arguments in written form. On February 19, 1997, the magistrate issued his decision. The magistrate issued an amended magistrate's decision on February 20, 1997, relative to wife's QDRO in husband's Huntington National Bank Pension Plan. Husband and wife both filed timely objections to the magistrate's decision. Wife subsequently filed a request for reconsideration and supplemental objections. On June 17, 1997, the trial court filed its Ruling on Objections. The trial court issued a Judgment Entry/Decree of Divorce on June 19, 1997.
It is from this judgment entry wife prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO SPECIFICALLY IDENTIFY THE DURATION OF THE MARRIAGE AS MANDATED BY R.C. 3105.171(G). (DECISION DATED FEB. 19, 1997, RULING ON OBJECTIONS DATED JUNE 17, 1997, DECISION DATED JUNE 19, 1997).
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO COMPENSATE APPELLANT BY OFFSETTING THE RESULTS OF APPELLEE'S FINANCIAL MISCONDUCT AGAINST APPELLEE'S PROPERTY AWARD. (DECISION DATED JUNE 19, 1997).
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT IT FAILED TO RULE ON PLAINTIFF'S CONTEMPT MOTION. (CONTEMPT MOTION DATED OCTOBER 16, 1996, DECISION DATED FEBRUARY 19, 1997).
 IV. THE TRIAL COURT ABUSED ITS DISCRETION BY ONLY AWARDING PLAINTIFF $5000 IN ATTORNEYS FEES. (MAGISTRATE'S DECISION DATED FEBRUARY 19, 1997, DECISION DATED JUNE 19, 1997).
 V. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT INCLUDING ALL SOURCES OF INCOME IN CALCULATING APPELLEE'S CHILD SUPPORT OBLIGATION. (MAGISTRATE'S DECISION DATED FEBRUARY 19, 1997, DECISION DATED JUNE 19, 1997).
 VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO MAKE AN AWARD OF SPOUSAL SUPPORT ON A TEMPORARY AND PERMANENT BASIS. (MAGISTRATE'S DECISION DATED FEBRUARY 19, 1997, DECISION DATED JUNE 19, 1997).
 VII. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY FASHIONING A VISITATION SCHEDULED THAT WAS NOT SUPPORTED BY THE EVIDENCE AND UNREASONABLY DENIES APPELLANT ACCESS TO THE MINOR CHILD ON HOLIDAYS AND SUMMER BREAK. (DECISION DATED JUNE 19, 1997.
Husband appeals the same, raising the following assignments of error:
 I. THE COURT ERRED IN ITS TREATMENT OF THE PREMARITAL PORTION OF THE HUNTINGTON NATIONAL BANK STOCK AND/OR OPTIONS OF THE DEFENDANT/CROSS-APPELLANT.
 II. THE COURT ERRED IN ITS DETERMINATION AND TREATMENT OF SHARES GIFTED TO HIS DAUGHTER COURTNEY LEISTER.
 III. THE COURT ERRED IN ITS EQUITABLE DIVISION OF THE VALUE OF THE HUNTINGTON BROKERAGE ACCOUNT IN THE AMOUNT OF $61,281.59 BASED ON THE VALUATION AS OF MAY OF 1996.
Any additional facts relevant to our discussion of wife's assignments of error and husband's cross-assignments of error shall be contained therein.
 APPEAL I
In her first assignment of error, wife maintains the trial court erred and abused its discretion in failing to specifically define the term "during the marriage" as required by R.C.3105.171(G).
R.C. 3105.171(G) provides:
 (G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."
(Emphasis added).
Husband contends the trial court specifically found, "the duration of this marriage is eight years, three months to the date of separation." Ruling on Objections at 7. A careful reading of the Ruling on Objections reveals the duration date relates to spousal support. Upon review of the record, we find neither the magistrate's decision of February 19, 1997, nor the Judgment Entry/Decree of Divorce identify the term "during the marriage". Accordingly, we find the trial court erred in not following the mandates of R.C. 3105.171(G).
However, our analysis does not end here. We must determine whether wife was prejudiced by the trial court's failure to identify the term "during the marriage". Wife submits the trial court's failure to identify the dates of the marriage prevented an equitable division of marital property. Specifically, wife takes issue with the magistrate's use of different valuation dates for the various marital assets. She explains valuations must be consistently determined as to a specific date.
In the instant action, wife submitted valuation evidence encompassing three different dates: July 31, 1995, the last record date before the parties' separation on August 23, 1995; October 31, 1995, the last record date before husband filed his counter-affidavit and financial disclosure form; and July 31, 1996, the last date on which Grogan had reasonably complete information on the assets. The parties did not submit any evidence regarding the value of the assets subsequent to July 31, 1997.
In Miller v. Miller (May 24, 1996), Geagua App. No. 95-G-1942, unreported, the Eleventh District Court of Appeals found the trial court erred in not choosing one specific date for valuing the marital property and applying said date across the board. However, the Miller Court noted, "the circumstances of some cases may require the use of different dates for valuation purposes such as when expert appraisals need to be performed on certain assets."Id. Because all of the assets in question were capable of being valuated as of the date of permanent separation or the date of the final hearing, the Eleventh District found the trial court could not use different valuation dates without setting forth its reasons for doing so. Id.
We agree with our brethren in the Eleventh District the ideal situation would involve the trial court's using one date for valuing all marital property, however, we recognize because the parties are responsible for presenting evidence as to the value of assets, often times, the trial court's use of different dates is necessitated by the information with which it is provided.
Although the trial court did not specify the dates of the marriage, because of the nature of the parties' assets, we find the trial court necessarily relied upon different dates for valuing the marital property, and wife cannot demonstrate she was prejudiced thereby.
Wife's first assignment of error is overruled.
 II
In her second assignment of error, wife contends the trial court erred in failing to compensate her for husband's financial misconduct by offsetting his marital property award.
R.C. 3105.171 provides, in pertinent part:
* * *
 (C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors . . .
* * *
 (E)(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
(Emphasis added.)
Wife argues because husband allegedly violated the trial court's August 25, 1995 restraining order by repeatedly dividing and hiding bank accounts, transferring assets, and selling stock, the court should have compensated her pursuant to R.C.3105.171(E)(3) by offsetting husband's property award in an amount equal to the sums dissipated by husband.
As the inclusion of the term "may" in R.C. 3105.171(E)(3) indicates, the decision regarding whether to compensate a party for the financial misconduct of the opposing party is discretionary with the trial court. Therefore, a trial court's decision on this issue will not be reversed on appeal absent a showing of an abuse of discretion; i.e. a showing that the trial court's decision is arbitrary, unreasonable or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. Upon review of the record, we find the trial court did not abuse its discretion in not compensating wife for husband's alleged financial misconduct.
Wife second assignment of error is overruled.
 III
In her third assignment of error, wife submits the trial court erred in failing to rule on her October 16, 1996 Motion for Contempt.
When a trial court fails to rule upon a motion, an appellate court generally will presume the trial court overruled the motion.Akbar-el v. Mohammed (1995), 105 App.3d 81, 89. See, also, Stateex rel. Cassels v. Dayton City School Dist. Bd. of Ed. (1994),69 Ohio St.3d 217, 223.
In light of this presumption, we find the trial court did not err in failing to rule on wife's motion.
Wife's third assignment of error is overruled.
 IV
In her fourth assignment of error, wife asserts the trial court abused its discretion in awarding her only $5,000.00 in attorney fees. Specifically, wife argues husband's actions caused her to incur an additional $27,600.00 in fees.
The applicable standard of review is abuse of discretion, which is set forth supra. See, Motorist Mut. Ins. Co. v.Brandenburg (1995), 72 Ohio St.3d 157.
Upon review of the record, we find the trial court did not abuse its discretion in ordering husband to pay only a portion of the total fees wife incurred in the proceedings. Wife's fourth assignment of error is overruled.
 V
In her fifth assignment of error, wife argues the trial court erred in its computation of child support because the court failed to include all sources of husband's income.
Civ.R. 53(E)(3) provides, in pertinent part:
 (b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Upon review of wife's objections to the magistrate's decision, we find wife did not object to the magistrate's decision as it relates to child support. Accordingly, pursuant to Civ.R. 53(E)(3)(b), we find wife has waived any right to appeal the issue to this court.
Wife's fifth assignment of error is overruled.
 VI
In her sixth assignment of error, wife claims the trial court erred in failing to award her spousal support on a temporary and permanent basis.
A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard, which is set forth supra. See, Cherry v. Cherry (1981), 66 Ohio St.2d 348.
Under this argument, wife initially takes issue with the trial court's failure to hold an oral hearing pursuant to Civ.R. 75. On November 30, 1995, the magistrate issued temporary orders relative to the financial issues. The magistrate did not award spousal support to wife. On March 14, 1996, wife filed a request for an oral hearing pursuant to Civ.R. 75. This request was made in response to husband's filing of a motion to reconsider the temporary orders. The trial court did not comply with wife's request. The matter was not addressed at the final hearing.
Although Civ.R. 75(M)(2) mandates a trial court to grant a party's request for an oral hearing, we find, once the trial court issued a final decree in this matter, any error or prejudice in the court's failure to hold the hearing requested by wife is rendered moot.
Wife also argues the trial court abused its discretion in failing to order temporary spousal support. Pursuant to the magistrate's temporary orders, husband was required to pay certain debts of the parties, which included the mortgage payment on the parties' home, monthly payments on the home equity account, and wife's monthly car payments. Although not characterized as spousal support, the magistrate's ordering husband to pay the aforementioned debts effectively provided wife with temporary support. Accordingly, we find the trial court did not abuse its discretion in failing to specifically order temporary spousal support.
Finally, wife asserts the trial court abused its discretion in failing to award permanent spousal support. At trial, wife conceded she did not have a present need for spousal support, but asked the trial court to retain jurisdiction over the matter. Absent a demonstration of present need for spousal support, we find the trial court did not abuse its discretion in failing to order permanent spousal support.
Wife's sixth assignment of error is overruled.
 VII
In her seventh assignment of error, wife submits the trial court abused its discretion in awarding husband visitation with the couple's minor son. Specifically, wife maintains the order denies her access to her son for six full weeks during the summer and during all major holidays.
A court is vested with broad discretion in determining the visitation rights of a non-residential parent. Applebee v.Applebee (1986), 24 Ohio St.3d 39, 41. Accordingly, a trial court's orders with respect to visitation must be just, reasonable and consistent with the best interest of the child. An appellate court must review a trial court's decision with respect to visitation with deference and reverse only if the trial court abused its discretion. King v. King (1992), 78 Ohio App.3d 599.
Given the physical distance between husband and his son, which prohibits weekly contact, we find the trial court did not abuse its discretion in fashioning a schedule which provides for extended periods of time when visitation occurs. Furthermore, we find the trial court did not abuse its discretion in awarding husband visitation during the major holidays. The record reveals wife will be with son on alternating Christmases.
Wife's seventh and final assignment of error is overruled.
 CROSS-APPEAL I
In his first assignment of error, husband contends the trial court erred in its treatment of the premarital portion of the Huntington National Bank stock and/or stock options exercised by husband.
The applicable standard of review is abuse of discretion, which is set forth supra. Upon review of the record, we find the trial court did not abuse its discretion in its determination of the non-marital growth of the Huntington National Bank stock.
Husband's first assignment of error is overruled.
 II
In his second assignment of error, husband asserts the trial court erred in its determination and treatment of the shares of stock gifted to his daughter, Courtney.
We review this assignment of error under an abuse of discretion standard.
The evidence presented to the magistrate indicates the transfers to Courtney were made without wife's knowledge or consent and appeared to have been made in an attempt to remove the assets from the realm of marital property. Because the evidence supports the trial court's finding the transferred shares were marital property, we find the trial court did not abuse its discretion in returning the shares of stock to the marital property for division.
Husband's second assignment of error is overruled.
 III
In his third assignment of error, husband asserts the trial court erred in dividing the Huntington Brokerage Account based upon the May, 1996 valuation of $61,281.59. Husband maintains the trial court should have deducted the necessary tax consequences, to wit: $16,010.58, from that figure.
In its Ruling on Objections, the trial court found, "This tax was paid out of the brokerage account in October of 1994 and was accounted for therein". Ruling on Objections at 3, para. 6. Upon review of the record, we find the evidence supports the trial court's finding and the trial court did not abuse its discretion in dividing the Huntington Brokerage Account at a value of $61,281.59.
Husband's third assignment of error is overruled.
The Judgment Entry/Decree of Divorce of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the Judgment Entry/Decree of Divorce of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to be assessed equally between the parties.