APPLEBY, APPELLEE, *v.* APPLEBY, APPELLANT.

[Cite as Appleby *v.* Appleby (1986), 24 Ohio St. 3d 39.]

(No. 85-1420—Decided May 21, 1986.)

*Vasko, Howard & Morris Co., L.P.A.,* and *C. Donald Morris,* for appellee.

*Quine & Davis* and *John R. Quine,* for appellant.

LOCHER, J. The issue presented in this cause is whether the trial court erred in modifying appellant's visitation rights. We hold that appellant's visitation rights were properly modified by the trial court and affirm the decision of the court of appeals.

Appellant avers that the lower courts erred because any modification of his visitation rights should be governed by R.C. 3109.04 and that the rules for determining when a court may modify a custody decree are equally applicable to modification of visitation rights. We do not agree. Modification of visitation rights is governed by R.C. 3109.05 and the specific rules for determining when a court may modify a custody decree are not equally applicable to modification of visitation rights.

R.C. 3109.04 provides specific guidelines for a trial court to follow in determining whether a prior custody decree should be modified. That section is silent as to rights of visitation. R.C. 3109.05 governs visitation rights. That section provides in pertinent part:

"(B) The court may make any just and reasonable order or decree permitting any parent who is deprived of the care, custody, and control of the children to visit them at the time and under the conditions that the court directs. * * *"

Therefore, parental rights of visitation are within the sound discretion of the trial court. This court has previously recognized that discretion and distinguished it from the trial court's discretion with regard to custody. "* * * While custody and visitation are obviously related, a court's discretion regarding visitation is broader. See R.C. 3109.05." *State, ex rel. Scordato,* v. *George* (1981), 65 Ohio St. 2d 128 [19 O.O.3d 318].

The trial court is to make a "just and reasonable order or decree" concerning visitation rights in accord with R.C. 3109.05. In the case *sub judice,* we find the trial court's order modifying appellant's visitation rights is just and reasonable. While the visitation rights in the "Standard Order of Visitation"[2] are not as extensive as the visitation rights provided appellant in the amended separation agreement, this does not make the trial court's order unjust and unreasonable. The referee held a hearing on the motions of the parties and made appropriate recommendations to the trial court. The recommendations were properly reviewed by the trial court and incorporated into its judgment entry. The court of appeals held that the order was reasonable and found no abuse of discretion by the trial court. Upon independent review of the record and order, we find no abuse of discretion.

Accordingly, we hold that appellant's visitation rights were properly modified by the trial court and affirm the decision of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., PARRINO, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., dissents.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.

---

[2] The "Standard Order of Visitation" modifies or excludes visitations (B) through (F) provided in the amended separation agreement. (See fn. 1.)