Defendant-appellant, Ronald Ledbetter, appeals a decision of the Clermont County Court of Common Pleas, Juvenile Division, denying him visitation with his son, Brandon.
Appellant and plaintiff-appellee, Dena Richter, were ages seventeen and fifteen, respectively, when Brandon was born on March 23, 1989. The parties were never married. Initially the parties agreed to place custody of Brandon with appellee's parents. For approximately the first year of Brandon's life, appellant visited and kept in contact with Brandon and appellee. Appellant asserts that he was eventually denied access to Brandon and did not pursue visitation until he could afford a lawyer who filed a motion for visitation on January 19, 1995. On February 9, 1995, appellee filed a motion to have Brandon returned to her custody. An agreed entry transferring custody to appellee from her parents was filed the same date.
On April 19, 1995, a hearing was held on appellant's motion for visitation. On July 11, 1995, the magistrate filed a report recommending that appellant's motion for visitation be denied and ordering an increase in child support. The magistrate found that appellant "had no contact with the child since he was approximately 10 months old" and also found that the "father has the burden of proving that visitation with the minor child is in the best interest of the child." The trial court adopted the magistrate's order and no appeal was taken from this decision.
On July 9, 1996, appellant filed a motion for visitation and relief from the July 11, 1995 decision. A hearing was held and the magistrate denied appellant's motion for relief, but granted a hearing on the motion for visitation. Following a hearing, appellant's motion for visitation was denied by the magistrate, who found that "the best interests of the child mandates a continuation of the stable happy environment in which he finds himself without having the introduction of a stranger to complicate his life." Appellant filed objections to the magistrate's report. The trial court affirmed the magistrate's decision and appellant filed the instant appeal arguing three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED BY PLACING THE BURDEN ON APPELLANT TO SHOW A CHANGE IN CIRCUMSTANCES SINCE THE APRIL 1995 ORDER AND THAT A MODIFICATION OF THE PRIOR ORDER WOULD BE IN THE BEST INTEREST OF THE CHILD.
Appellant sets forth two issues in his first assignment of error; (1) the trial court erred by not placing the burden of proof of best interest on the person opposing visitation and (2) for a modification of visitation there is no need to show a change of circumstances.
Pursuant to R.C. 3109.12(A), a juvenile court has the authority to grant a man declared a father in a parentage action reasonable visitation and companionship rights. In determining whether to grant such rights, the court must determine what is in the best interest of the child. R.C. 3109.12(B). Therefore, the court is required to consider all relevant factors, including, but not limited to, the fifteen factors set forth in R.C.3109.051(D).[1]
A court is vested with broad discretion in determining the visitation rights of a nonresidential parent. Appleby v. Appleby (1986), 24 Ohio St.3d 39, 41. Accordingly, while a trial court's orders with respect to visitation must be just, reasonable and consistent with the best interest of the child, an appellate court must review a trial court's decision with respect to visitation with deference and will reverse only if the trial court abused its discretion. King v. King (1992), 78 Ohio App.3d 599. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
A nonresidential parent's right of visitation with his children is a natural right and should be denied only under extraordinary circumstances. Pettry v. Pettry (1984), 20 Ohio App.3d 350,352. Extraordinary circumstances would include the unfitness of the noncustodial parent, or a showing by clear and convincing evidence that visitation presents a significant risk of serious emotional or physical harm to the child. Johntonny v. Malliski (1990), 67 Ohio App.3d 709, 712-713.
In his first issue, appellant argues that the trial court erred by not placing the burden of proof of best interest on the party opposing visitation. We agree. In the June 6, 1997 entry, the magistrate found that "the burden is on the defendant to show a (1) change in circumstances since the April 1995 order, (2) and that a modification of the prior order would be in the best interests of the child." The magistrate found that appellant did not meet these burdens and denied appellant's motion for visitation.
Appellant argues that the burden of proof is on the party opposing visitation. Pettry v. Pettry, 20 Ohio App.3d 350. In Pettry, the mother and father were divorced and father was seeking to have visitation with his son enforced. The court in Pettry found that
 [t]he burden of proof is on the party contesting visitation privileges, and absent a showing of extraordinary circumstances, the trial court may fashion any just and reasonable visitation schedule.
Id. at 352.
On the contrary, appellee argues that In re Connolly (1975),43 Ohio App.2d 38, is persuasive authority that the burden of proof should be placed on the father. In re Connolly sets forth the proposition that the father of a child born out of wedlock is not entitled to visitation with such child over the objections of the mother, who has legal custody, unless he clearly establishes that such would be in the best interest of the child.
We find no reason to impose a different burden of proof on a father who was never married to the mother of his child versus a father who was married to the mother of his child. Accordingly, we find the reasoning of Pettry to be compelling and adopt the holding that the burden of proof that visitation would not be in the child's best interest is on the person opposing visitation. We find that the trial court erred in placing the burden on appellant to show that visitation with Brandon would be in Brandon's best interest.
In his second issue, appellant argues that the trial court erred in placing the burden on him to show that a change of circumstances had occurred since his last motion for visitation was denied. In Moore v. Moore (Dec. 29, 1997), Madison App. No. CA97-04-016, unreported, this court held that R.C. 3109.051
governs visitation and does not require proof of changed circumstances. R.C. 3109.051 requires only a showing that the modification of visitation would be in the child's best interest. R.C. 3109.051 provides throughout that it applies to visitation determinations made pursuant to R.C. 3109.051, R.C. 3109.11 or R.C. 3109.12. Accordingly, there is no requirement to show a change of circumstances in any request to change visitation rights.
After carefully reviewing the evidence presented in this case, we find that the trial court abused its discretion in denying appellant's motion for visitation. The burden of proof that it would not be in Brandon's best interest to visit with his father should properly be placed with appellee. Furthermore, there is no requirement to show a change of circumstances regarding a request for modification of visitation. Therefore the trial court erred in denying appellant's motion for visitation. Appellant's first assignment of error is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT VISITATION WITH HIS SON AND PREVENTING APPELLANT FROM INTRODUCING EVIDENCE RELEVANT TO BOTH APPELLEE'S CREDIBILITY AND WHETHER OR NOT VISITATION SHOULD BE ALLOWED TO TAKE PLACE.
Assignment of Error No. 3:
 THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Based on our decision in the first assignment of error, appellant's second and third assignments of error are moot and will not be addressed pursuant to App. R. 12 (A)(1)(C).
Judgment reversed and remanded for hearing to be conducted in accordance with this decision.
YOUNG, P.J., WALSH and POWELL, JJ., concur.
[1] R.C. 3109.051 provides in pertinent part:
 In determining whether to grant companionship or visitation rights to a parent, grandparent, relative or other person pursuant to this section or section 3109.11
or 3019.12 of the Revised Code, in establishing a specific visitation schedule, and in determining other visitation matters under this section or section 3109.11
or 3109.12 of the Revised Code, the court shall consider all of the following factors:
 (1) The prior interaction and interrelationships of the child with his parents, siblings, and other persons * * *;
 (2) The geographic location of the residence of each parent and the distance between those residences * * *;
 (3) The child's and the parents' available time, including, but not limited to each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;
(4) The age of the child;
 (5) The child's adjustment to home, school, and community;
 (6) If the court has interviewed the child in chambers, * * * regarding the wishes and concerns of the child as to visitation by the parent who is not the residential parent * * *;
(7) The health and safety of the child;
 (8) The amount of time that will be available for the child to spend with siblings;
(9) The mental and physical health of all parties;
 (10) Each parent's willingness to reschedule missed visitation and to facilitate the other parent's visitation rights * * *;
* * *
 (15) Any other factor in the best interest of the child.