Appellant Jon Mark Long and appellee Susan Marie Long were divorced by the Licking County Common Pleas Court, Domestic Relations Division, on January 29, 1998. The divorce decree named appellee residential parent of the parties' five minor children, and included an elaborate visitation schedule, providing for visitation with all or some of the children pursuant to a different plan every week. In addition to this visitation schedule, the court granted appellant fourteen additional days with each child:
 In addition to the above companionship times, the Defendant shall be afforded fourteen days during the year with each child. The Defendant, in selecting these days for each child, shall provide the Plaintiff with a minimum of forty-eight hours advance notice and shall not select days during designated holidays or days of special meaning unless by mutual agreement of the parties.
Judgment Decree of Divorce, 1/29/98.
Thereafter, appellee wrote a letter to the court, stating that the parties did not understand the meaning of the fourteen-day provision quoted above. She asked the court to clarify this provision.
The court issued a judgment on July 6, 1998, on its own motion, purporting to clarify this provision. The court stated that appellant shall endeavor to exercise these fourteen days on weekdays, so as not to conflict with the children's school activities. The court further stated that if appellant's employment hours did not permit him to visit with a child for a full day, he may visit with the child for the available portion of the day, returning the child to appellee the following morning during the summer months while the children were not in school, or by 8:00 p.m. the same evening during the school year. In this instance, each visit shall constitute a "day" for purposes of this portion of the divorce decree. Appellant appeals this order:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT SUA SPONTE ASSUMED JURISDICTION AND MODIFIED THE COMPANIONSHIP PROVISIONS OF THE DECREE OF DIVORCE HEREIN.
Appellant first argues that the court did not have jurisdiction to modify a final decree of divorce, absent a proper motion invoking the jurisdiction of the court to modify visitation. In the instant case, the July 6 judgment of the court was a judgment clarifying the prior visitation order, rather than modifying the order. The judgment did not in any way change the number of days or manner of visitation specified in the earlier order. The order merely clarified what the court meant by the term "day", and when such visitation should occur within the framework of the overall visitation order.
It is well-settled law in Ohio that a court has inherent authority to clarify a judgment entry sua sponte where confusion exists as to its meaning. E.g., Matthews v. Matthews
(December 19, 1991), Licking App. No. CA-3671, unreported;Hughes v. Hughes (May 9, 1997), Portage App. No. 96-P-0196, unreported; McKown v. McKown (November 20, 1995), Highland App. No. 94CA866, unreported. This inherent authority of the court to issue orders interpreting its own prior orders extends to orders clarifying visitation. Deville v. Svetlak (February 22, 1994), Stark App. No. 9431, unreported, citing Appleby v.Appleby (1986), 24 Ohio St.3d 39.
Appellant also argues that he was denied his due process rights to notice and a hearing on what he claims was a motion to modify visitation. As discussed above, the order was one clarifying the prior judgment of the court, not modifying visitation. The court has inherent authority to clarify the order sua sponte, without complying with the procedural requirements for modification of an order.
The assignment of error.
The judgment of Licking County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of Licking County Common Pleas Court is affirmed.
--------------------
--------------------
 -------------------- JUDGES