OPINION
This appeal arises from a decision of the Holmes County Common Pleas Court denying child visitation rights to appellant.
The court has been requested to take judicial notice of convictions occurring subsequent to the decision of such court, but this request is denied as this court's review of the trial court decisions are predicated upon the evidence upon which the decision appealed from was made.
Appellee and appellant were divorced on October 8, 1998, with an order made awarding custody of the three minor children to appellee without visitation rights being granted to appellant until further order of the court.
On October 8, 1999, appellant filed a motion to modify seeking visitation in some form approved by the court. After hearings on January 28, 2000, and February 25, 2000, the court denied the modification request, determining that it was not in the best interests of the children to grant any visitation rights to appellant.
The court received evidence from appellee as to violence committed against her by appellant during one domestic violence episode. The testimony was that appellant slammed appellee's head against a car door causing injuries requiring eighteen stitches. This event occurred in the presence of the children.
Testimony was also provided to the court of fear of appellant by the children and of sexual abuse to them and a minor stepdaughter committed by appellant.
According to the transcript, appellant violated the civil protection order issued by the trial court. (Tr. at 11, 13, 20 and 21).
The court held an in camera discussion with the children out of the presence of the parties or counsel.
The court accepted testimony of Kenneth Klingler, as to his opinion, as an investigator for the Holmes County Department of Human Services, to the effect that Bridget Becker, one of the children of the parties, was at high risk for sexual abuse by appellant. He further opined that appellant had committed sexual abuse against the children and stepdaughters, and that the results of his investigation were submitted to appropriate authorities for further action.
Appellant has raised six assignments of error, to-wit:
 ASSIGNMENTS OF ERROR: I. THE TRIAL COURT ERRED WHEN IT DENIED VISITATION OF THE APPELLANT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED WHEN IT DENIED VISITATION TO THE APPELLANT AS IT WAS AN ABUSE OF DISCRETION.
 III. THE TRIAL COURT ERRED AS APPELLEE FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THERE WAS REASON TO DENY VISITATION.
 IV. THE TRIAL COURT ERRED AS IT CONDUCTED AN IN CAMERA REVIEW OF THE CHILDREN WITHOUT THE PRESENCE OF COUNSEL WHICH WAS CONTRARY TO OHIO REVISED CODE § 3109.051.
 V. THE TRIAL COURT ERRED AS IT DENIED VISITATION EVEN THOUGH IT WAS IN THE BEST INTEREST OF THE CHILDREN.
 VI. THE TRIAL COURT ERRED AS IT RELIED ON THE TESTIMONY OF KEN KLINGLER WHICH WAS CONSIDERED IN CONTRAVENTION OF OHIO EVIDENCE RULES 701 AND 702.
The fifteen factors which the court must consider in ruling on visitation rights are set forth in R.C. § 3109.051. It is not necessary that such be repeated herein, as the same are set forth in complete detail at Page 10 of appellee's brief.
The standard of review by this court in a matter of this nature is whether the court below abused its discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable, and not a just decision and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217; Bodine v. Bodine (1986), 38 Ohio St.3d 173; Appleby v.Appleby (1986), 24 Ohio St.3d 39. We must look at the totality of the circumstance of the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
Even though as stated in Pettry v. Pettry (1984), 20 Ohio App.3d 350, a non-custodial parent has a natural right to child visitation, such is subservient to a determination of the best interests of the children under the guidelines, supra, of Revised Code § 3109.051.
 I.
The first Assignment of Error asserts that the court's decision was against the manifest weight of the evidence, and it is argued that the court did not consider the fifteen statutory factors.
As to manifest weight of the evidence, this court is not a fact-finding court. We neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (1982), Stark App. No. CA-5758, unreported. Accordingly, judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E.Morris Company v. Foley Construction Co. (1978), 54 Ohio St.2d 279. The court here, setting aside the testimony of Mr. Klingler, had ample basis from the record under the guidelines of Revised Code § 3109.051 to support the order denying visitation. The court is not required to find that each of the fifteen considerations are present.
Therefore, the first Assignment of Error is denied.
 II., III. and V.
The same standards applicable to this court in its review of the trial court's ruling as set forth in consideration of the first Assignment of Error are applicable to the second, third and fifth Assignments of Error, as the record does not indicate an abuse of discretion or lack of sufficient proof supporting such order under the guidelines of the referenced statute.Therefore, the second, third and fifth Assignments of Error are not well taken.
 IV.
The fourth Assignment of Error alleges that the in camera conference with the children, absent counsel, was in violation of Revised Code § 3109.051. We disagree.
Under such statute, counsel for the parents may be present if in thesole discretion of the Judge, such is appropriate. Obviously, the court followed the statute. No right to be present under such statute is present.
The fourth Assignment of Error is overruled.
 VI.
The sixth Assignment of Error references the court's acceptance of the opinions of Ken Klingler. We agree.
The testimony of Mr. Klingler was based upon his twelve years of investigation, but he gave opinions as to what had occurred between appellant and his daughters and stepdaughters. This was clearly non-admissible. His further testimony as to submitting his findings for action were also not relevant. His testimony did not conform to either Evid.R. 701, as to a lay opinion, or to Evid.R. 702, as to the opinion of an expert. His testimony as to the sexual conduct of the appellant was one which had not been judicially determined, but was accepted as a factual matter instead of testifying as to the observable conduct of the children and state of mind as to their fears, etc.
The test for determining whether the admission of erroneous evidence is harmless requires the reviewing court to look at the whole record, leaving out the disputed evidence, and then to decide whether there is substantial evidence to support the findings of the trial court. In this case, as stated heretofore, there was substantial credible evidence, excluding the testimony of Mr. Klingler and, therefore, the error that is complained of in Assignment of Error VI., while well-taken, is not a cause of reversal.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to appellant.
By: Boggins, J. Edwards, P.J. and Hoffman, J. concur.