O P I N I O N
Appellant L. Barbara Runyon appeals the decision of Court of Common Pleas, Guernsey County, which dismissed her motion to modify spousal support. The relevant facts leading to this appeal are as follows.
Appellant and Appellee Michael S. Runyon were divorced in Guernsey County pursuant to a decree filed on August 8, 1994. The decree provided, inter alia, that appellee would pay spousal support in the amount of $650 per month for a period of five years from the date of the decree. The decree indicated that the court would retain jurisdiction to review the appropriateness of the spousal support award and the issue of provision of appellant's medical insurance during the aforesaid five-year time frame.
In January 1997, appellant filed a motion to modify spousal support. The court granted the motion and increased the amount of spousal support to $1000 per month. The entry, dated June 4, 1997, reads in pertinent part as follows:
 JUDGMENT 1. It is the Judgment of this Court that the spousal support in this case shall be increased to $1,000 per month, plus poundage, effective June 13, 1997.
 2. The Defendant is ORDERED to pay to the Plaintiff, through the Guernsey County Child Support Enforcement Agency, by Wage Withholding Order, the sum of $1,020, including poundage.
 3. This spousal support shall continue until August 8, 1999, or until the Plaintiff dies, re-marries or cohabitates with another male or female who provides her support or until she receives a significant lump-sum settlement from her DOW-Corning personal injury claim-whichever is earlier.
 4. The award of spousal support set forth herein shall be paid by the Defendant, Michael S. Runyon, to the Plaintiff, L. Barbara Runyon, through a Wage Withholding Order issued to Triangle Production Systems, Inc.
 5. This Order shall be subject to the continuing jurisdiction of this Court, based upon a change of circumstances in the future.
* * *
On July 27, 1999, just prior to the expiration of the court's five-year retention of jurisdiction, appellant filed a motion requesting that the court continue spousal support payments beyond August 8, 1999. On November 12, 1999, the court granted appellant's motion and continued the spousal support order until September 30, 2000, but at a reduced amount of $750. A corresponding entry followed on November 19, 1999.
On September 13, 2000, appellant filed a similar motion to continue to spousal support payments beyond September 30, 2000. However, on December 5, 2000, the trial court ruled, as a matter of law, it had no further jurisdiction over the issues of spousal support and medical insurance, and denied appellant's motion.
On January 4, 2001, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED THE PLAINTIFF-APPELLANT'S MOTION FOR MODIFICATION OF SPOUSAL SUPPORT WITHOUT HEARING TESTIMONY.
In her sole Assignment of Error, appellant argues that the trial court erred when it denied her motion to modify spousal support without a hearing on the merits. We disagree.
A court clearly has inherent authority to issue orders interpreting its own prior orders. Deville v. Svetlak (February 22, 1994), Stark App. No. 9431, unreported, citing Appleby v. Appleby (1986), 24 Ohio St.3d 39. Appellant implicitly contends that the 1997 judgement entry is either an interpretation or modification of the original decree, such that the original five-year retention of jurisdiction over spousal support was thereby "increased" to an indefinite, continuing basis. However, the terms of 1997 entry, quoted herein before, do not support such a conclusion. Most notably, the court did not state therein that jurisdiction would be retained over the issue of spousal support itself; the reference is only to "[t]his Order," i.e., the amended order for $1000 per month, the duration of which is limited to, at the latest, August 8, 1999, exactly five years after the date of the original decree. When read together, there can be no other reasonable interpretation than that the court mandated a modification of the spousal support amount which would otherwise remain subject to the parameters of the original five-year review limit.
Moreover, appellant's attempted interpretation of the 1997 entry must fail in light of R.C. 3105.18(E), which reads as follows in pertinent part:
 (E) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
* * *
Thus, under R.C. 3105.18(E)(1), the only exception to the general rule disfavoring retention of jurisdiction for spousal support is a provision in the decree itself. In In re Disqualification of Olivito (1994),74 Ohio St.3d 1261, 1262, the Ohio Supreme Court noted that "a judge is presumed to follow the law in all respects ***." Appellant's position requires that this presumption be disregarded and that we conclude that in 1997 the trial court acted in contravention of the statute. We are not inclined to draw such a conclusion.
Appellant lastly argues that the court's decision of November 12, 1999, to maintain a spousal support order until September 30, 2000, is evidence of the court's intent to continue jurisdiction past the original five years. However, said decision was based on a motion properly filed before the expiration of the five-year period, and nowhere in the decision or entry is there any clear indication that the court would further consider future modifications in contradiction of its original reservation of jurisdiction.
The trial court did not commit error in denying appellant's motion to continue spousal support. Appellant's sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
 _____________________ Wise, J
By: Hoffman, P. J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey, Ohio, is affirmed.
Costs assessed to appellant.