OPINION
The defendant/appellant, Jennifer Missler, appeals from a judgment of the Paulding County Court of Common Pleas, Juvenile Division, granting the plaintiff/appellee, unsupervised visitation with the parties' minor child. Based on the following, we affirm the decision of the lower court.
The following facts and procedural history are relevant to the instant appeal. The parties are the parents of a minor child, Raven Storm Trammel, born December 20, 1996. Although the parties lived together briefly after the child's birth, they separated when Raven was three months old.
During the first three years of the child's life, the appellee had little contact with her. This was due, in part, to the fact that the appellee lived outside of Ohio for some time. Raven did have regular visits during this period with her paternal grandparents. However, these visitations ceased in 1999 when allegations of sexual abuse were raised against Raven's paternal grandfather. Subsequent to the sexual abuse allegations, the child began seeing a therapist and similar allegations arose against the appellee at some point during the course of this therapy.
The appellant filed a complaint seeking an Order of Visitation on May 4, 2000.[1] A Guardian Ad Litem was appointed and the Paulding County Department of Job and Family Services (DJFS) was made a party to the case. DJFS completed a home study of the residences of both parties. After a hearing held on January 29, 2001, the DJFS conducted two hours of supervised visitation each week between the appellee and his daughter.
The case was heard by the lower court on August 30, 2001. On January 4, 2002, the court issued an decision that granted full, unsupervised visitation to the appellee. It is from that decision that this appeal is taken.
 ASSIGNMENT OF ERROR NO. I "The lower court abused its discretion with regard to Findings of Fact number 8, in which the Court found that `[f]ather was never alleged to be the perpetrator of any sexual abuse toward the child and there is no evidence that the father has ever acted improperly towards the child or abused the child.'"
The appellant argues that the trial court abused its discretion when it found (1) that there had been no allegations of sexual abuse against the appellee and (2) that there was no evidence that the appellee committed any such abuse.
It is axiomatic that, pursuant to R.C. 3109.051(A), a trial court is vested with broad discretion to make reasonable orders with respect to parental visitation issues.[2] However, this discretion is not limitless in that the trial court is required to consider the sixteen factors laid out in R.C. 3109.051(D) when making its determination. Moreover, this discretion must always be exercised in a manner that protects the best interest of the child.[3] Accordingly, when one parent seeks to limit the visitation rights of another, it is that party who bears the burden of proof to show that visitation is not in the best interest of the child.[4]
Allegations of sexual abuse were logged against the appellee prior to trial but the investigation was quickly dropped by law enforcement. At trial, the appellant presented the testimony of the child's therapist, Mary Lou Scheumann. Ms. Scheumann testified that the Raven told her on several occasions that "Rob put his finger in my girl part." Although Ms. Scheumann asserted that she was certain Raven was talking about her father, this testimony is somewhat ambiguous because both the appellee and his father are named Robert. Nevertheless, it is unclear why the lower court found that there had been no allegations of sexual abuse against the appellee. Obviously, allegations of sexual abuse, however untenable, were logged against him. We fail to see, however, how this finding prejudices the appellant. More significant is the finding that there was no evidence that the appellee abused the child in any way.
Ms. Scheumann testified that the child expressed fear of the appellee and was on medication to prevent nightmares, which the witness believed were a result of her father's abuse. However, the witness admitted that she never observed the child with her father because, in her view, it would not have yielded relevant information.
Ms. Sally Grosenbacher, the social worker who supervised the visits between the appellee and Raven, also gave testimony. She stated that the visits between the appellee and his daughter went well and that she did not observe anything that would lead her to believe that the appellee had abused the child. Ms. Grosenbacher also testified that she believed someone coached the child to say that she was afraid of her father, as the child exhibited no fear during visitation. She recommended that full, unsupervised visitation be granted.
As the trier of fact in this case, the lower court was in the best position to judge the credibility of the respective witnesses and weigh the evidence.[5] Accordingly, the trial court was within its discretion to determine that Ms. Scheumann's testimony was not credible and that, thus, the appellant failed to meet her burden to show that visitation would be inappropriate. A review of the lower court's decision show that it fulfills statutory requirements in finding visitation to be in Raven's best interest. We find no abuse of discretion and hereby deny the appellant's first assignment of error.
 ASSIGNMENT OF ERROR NO. II "The lower court's decision to grant full and unrestricted visitation is against the manifest weight of the evidence and is not in the best interest of the minor child."
The appellant next attempts to argue that the trial court's judgment was against the manifest weight of the evidence. We disagree with the appellant.
In resolving an appeal based on manifest weight of the evidence, a reviewing court examines the entire record to determine if the verdict is supported by some competent, credible evidence.[6] Where the lower court's judgment is duly supported, it shall not be reversed as being against the manifest weight of the evidence.[7] The underlying rationale for deferring to the findings of the trial court is that the trial court is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.[8]
Only two of the witnesses who testified, namely Ms. Grosenbacher and Ms. Scheumann, had no perceivable personal interest in the outcome of the case. These witnesses presented contradictory testimony. As discussed in the previous assignment of error, it was proper for the trial court to place more credence in Ms. Grosenbacher's testimony. Hence, her statements amount to competent, credible evidence to support the lower court's decision that visitation is in the child's best interest.
Accordingly, the appellant's second assignment of error is not well-taken and is hereby overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the lower court.
Judgment affirmed.
BRYANT and WALTERS, J.J., concur.
[1] An Amended Complaint to Establish Paternity and Order of Visitation was filed on June 23, 2000.
[2] See Appleby v. Appleby (1986), 24 Ohio St.3d 39, 41.
[3] Zimmerly v. Zimmerly (June 26, 1990), Putnam App. No. 12-89-18.
[4] See Id.
[5] See State v. DeHaas (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
[6] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; Brownlee v. Adams (Dec. 20, 1999), Shelby App. No. 17-99-14.
[7] Id.
[8] Slone v. Aerospace Design Fabrication Inc. (1996),111 Ohio App.3d 725.