OPINION
{¶ 1} Appellant, Christina Beaudoin, appeals from an order of the Butler County Court of Common Pleas, Juvenile Division, modifying her visitation with her daughter. We affirm the decision of the trial court.
 {¶ 2} Appellant and appellee, William Allen, are the biological parents of Destiny. This case has a lengthy and complicated procedural history spanning several years which involves custody and visitation orders issued to the parents. Eventually, the juvenile court granted custody of Destiny to appellee, and appellant was granted supervised visitation. Appellant's visitation consisted of a weekly two-hour visit during the school year. In the summer, the weekly visits were increased to four hours.
 {¶ 3} The Butler County Children Services Board (BCCSB) filed a motion for review of the case and to modify visitation. Appellant filed motions requesting that she be granted unsupervised visitation. A hearing was held before a magistrate on May 17, 2002. BCCSB requested that the agency be released from supervised visitation and that the supervised visitation take place at a business that specializes in supervised visitations.
 {¶ 4} In support of this motion, BCCSB presented evidence that two BCCSB employees are required for supervision of the visits because of unsubstantiated allegations made by appellant and her mother throughout the lengthy procedural history of the case. Destiny lives near Florence, Kentucky and her father drives 45 to 50 minutes each way with her to Butler County for visitation. The agency presented further evidence that, in the last year, appellant missed 46 percent of her scheduled visits and that many of these visits were cancelled only after Destiny was already on her way to Butler County from her home in Kentucky. The agency presented evidence that appellant has left visits early, or left visits to smoke or to pick up other children, and that she does not always interact with Destiny during the visits.
 {¶ 5} BCCSB presented evidence regarding a company in Northern Kentucky that specializes in supervised visitations. The company is near Destiny's home and provides reports of the visitations to the court if requested. The company uses a sliding fee scale for its services and the cost is considerably less than it would be for BCCSB to continue supervised visitation.
 {¶ 6} The trial court found that appellant's missed visitations have a negative effect on Destiny, that the visitation orders present a burden to the father, child and BCCSB, while the mother "has no burden whatsoever and still only attends 54% of the visits." Therefore, the trial court ordered that while the weekly time of the visits should remain the same, the visits should take place in Northern Kentucky so there will be less disruption to Destiny, and less of a financial burden to BCCSB. The trial court also ordered BCCSB to provide gas vouchers to appellant to aid in transportation to the visits.
 {¶ 7} Appellant now appeals the decision of the trial court to modify visitation by changing the location to Northern Kentucky. Her single assignment of error states:
 {¶ 8} "The trial court's decision modifying mother's visitation is not supported by clear and convincing evidence."
 {¶ 9} Appellant argues that the clear and convincing evidence standard applied to permanent custody hearings should be applied to the modification of visitation in this case because permanent custody was granted to the father. However, appellant's parental rights were not terminated pursuant to R.C. 2151.414(B). Appellant not only still maintains her parental rights, but also has visitation with her daughter.
 {¶ 10} In addition, courts have held that another standard is applied in cases involving the modification of visitation. A trial court must determine whether a change in visitation is in a child's best interest. Braatz v. Braatz (1999), 85 Ohio St.3d 40, paragraph one of the syllabus; In re DeCara, Portage App. No. 2001-P-0088, 2002-Ohio-6584. In determining whether a modification is in the child's best interest, the court is guided by the factors in R.C. 3109.051(D). The trial court has broad discretion regarding the modification of parental visitation rights. Appleby v. Appleby (1986), 24 Ohio St.3d 39. Thus, absent an abuse of that discretion, this court will not reverse the trial court's decision. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137.
 {¶ 11} Appellant argues that the trial court erred in modifying her visitation because she presented evidence that she had medical reasons for not attending visitations which are no longer an issue. She further argues that she presented evidence that she does not have a driver's license and depends on her boyfriend for transportation. She also disputed the testimony that she left visits and did not always interact with Destiny during visitation.
 {¶ 12} Given the above evidence, we find that it was not an abuse of discretion for the trial court to modify appellant's visitation. There was evidence presented that appellant missed a large percentage of her scheduled visitations, arrived late, left early, left visits to smoke and pick up other children and did not always interact with Destiny during the visits. Furthermore, there was evidence presented that this had a negative impact on Destiny. During this time, Destiny was in first and second grade and spent almost an hour in the car each way, sometimes missing school and disrupting her routine. Given these facts, the trial court did not abuse its discretion in modifying visitation by changing the location to a place near the child's home. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.