OPINION
{¶ 1} Plaintiff-Appellant, Daniel J. Reynolds, appeals from a decision of the Putnam County Juvenile Court, denying Reynolds' motion for a post incarceration visitation schedule with his minor child. Reynolds claims that in so ruling the trial court abused its discretion. After reviewing the entire record, we can not say that the trial court acted unreasonably, arbitrarily or unconscionably. Therefore, we affirm the decision of the court below.
 {¶ 2} Reynolds began dating Jill Ruskey around March of 1997. Subsequently, in October of 1999, Reynolds pled guilty to felonious assault. At the sentencing hearing, he was given six years in prison with a release date set for sometime in 2005. In May of 2000, Ruskey gave birth to a child. Two years later, Reynolds filed a complaint seeking visitation rights with Ruskey's child. In response to Reynolds complaint, the court ordered genetic testing, which revealed that Reynolds was in fact the father of Ruskey's child.
 {¶ 3} Thereafter, in January of 2003, a hearing was held, at which time the court determined that Reynolds should be given visitation rights on the first Sunday of each month. In March of 2003, Reynolds filed a pro se motion to clarify the January 2003 judgment entry granting him visitation rights. At this subsequent clarification hearing, the court made the following findings: that Ruskey must keep both the court and Reynolds informed of any changes in the child's address, that Ruskey must provide Reynolds with the child's social security number, and that Reynolds' petition for a post incarceration visitation schedule was premature.
 {¶ 4} It is from this hearing that Reynolds appeals. Specifically, he is appealing the court's decision to not address his post incarceration visitation rights until he is actually released. Reynolds presents the following assignment of error for our review.
The trial court's determination and finding that thePlaintiff/Appellant request for visitation schedule upon release fromincarceration is premature based upon the abuse of discretion of thetrial court judge.
 {¶ 5} Reynolds asserts that the trial court abused its discretion when it held that his request for a post incarceration visitation schedule was premature.
 {¶ 6} A trial court is granted broad discretion in determining the visitation rights of non-residential parents.[1] The court's decision must be both just and reasonable and consider the best interests of the child.[2] A reviewing court will give deference to the ruling of the court below and only reverse a visitation order if the record reveals evidence of an abuse of discretion.[3] An abuse of discretion indicates a decision that is unreasonable, arbitrary or unconscionable.[4]
 {¶ 7} Reynolds is correct in contending that a non-custodial parent's right of visitation with his children is a matter of natural right and should be denied only under extraordinary circumstances.[5]
However, he is incorrect in his attempt to apply this principle to the current facts. The trial court did not deny Reynolds' visitation rights, in fact, he was granted monthly visitation rights. In denying Reynolds' petition for a post incarceration visitation schedule, the court was not denying him his rights; it was merely waiting to address the situation until the issue becomes ripe.
 {¶ 8} Reynolds is not due to be released until sometime in 2005. As the trial court noted, situations can change very much between now and then. No one can predict where either parent will reside, what kind of jobs they will have, or what kind of lifestyles they will be living. For the court to attempt to predict an appropriate visitation schedule for such a situation that is not going to arise for nearly two years would be folly. The court's decision did not terminate Reynolds' visitation rights as a parent. He is still able to have monthly visitation and is still able to apply for a modification of the current schedule upon his release from prison. The court merely held that it is unable to ascertain an appropriate visitation schedule until Reynolds is actually released from jail.
 {¶ 9} Because nothing in the record shows that the trial court's determination to postpone a decision on Reynolds' post release visitation schedule is unreasonable, arbitrary or unconscionable, we affirm the decision of the trial court.
 {¶ 10} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW and CUPP, JJ., concur.
[1] Appleby v. Appleby (1986), 24 Ohio St.3d 39, 41; King v. King
(1992), 78 Ohio App.3d 599, 602; Trammell v. Missler, 3rd Dist. No. 11-02-01, 2002-Ohio-2970, at ¶ 8.
[2] Appleby, 24 Ohio St.3d at 40-41; King, 78 Ohio App.3d at 602.
[3] Id.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[5] Pettry v. Pettry (1984), 20 Ohio App.3d 350, 352, citing, Porterv. Porter (1971), 25 Ohio St.2d 123, 128; Foster v. Foster (1974),40 Ohio App.2d 257, 272.