DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Brad H., appeals from the March 25, 2003 judgment of the Wood County Court of Common Pleas, Juvenile Division, which ordered that supervised visitation continue between he and his minor daughter, Anna H.M. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On November 14, 2001, appellant filed a motion for establishment of minor child issues including custody, visitation, support, medical insurance and tax exemption matters. On November 20, 2001, appellant filed an emergency motion for standard visitation. In his motion, appellant claimed that Anna's natural mother, appellee Carrie M., insisted on personally supervised visitation resulting from unsubstantiated sexual abuse allegations. Appellant also requested the appointment of a guardian ad litem.
 {¶ 3} On November 21, 2001, appellee filed a motion requesting that the court order the appointment of a guardian ad litem and order appellant to submit to a psychological evaluation. Appellee also filed an opposition to appellant's emergency motion.
 {¶ 4} On January 7, 2002, a consent judgment entry was filed which designated appellee as temporary residential parent and a temporary supervised visitation schedule was established. The parties were ordered to attend an assessment at Children's Resource Center. On January 29, 2002, Mimi Yoon was appointed as guardian ad litem.
 {¶ 5} Following a hearing held on March 1, 2002, the magistrate ordered that psychologist Dr. Wayne Graves conduct psychological evaluations of the parties regarding the allocation of parental rights and responsibilities. Various family members were approved as supervisors for visitation between appellant and Anna.
 {¶ 6} A hearing on the allocation of parental rights was held on July 31, August 2 and October 24, 2002. On December 10, 2002, the magistrate ordered that appellee be designated as residential parent and that visits between appellant and Anna continue to be supervised with no overnight visitation.
 {¶ 7} Appellant filed objections to the magistrate's order. On March 25, 2003, the court filed its judgment entry on the objections to the magistrate's decision. The court adopted the magistrate's decision, in part, but modified the list of approved supervisors, set a date for further review of the supervised visitation order, and ordered that at all future hearings the magistrate or the court will look independently at the R.C. 3109.051 factors. This appeal followed.
 {¶ 8} Appellant raises the following assignment of error:
 {¶ 9} "The trial court's decision to order supervised visitation and companionship was an abuse of discretion and against the manifest weight of the evidence."
 {¶ 10} A trial court has broad discretion in determining the visitation rights of a nonresidential parent. Appleby v. Appleby (1986),24 Ohio St.3d 39, 41. "Accordingly, while a trial court's orders with respect to visitation must be just, reasonable, and consistent with the best interest of the child, an appellate court must review a trial court's decision with respect to visitation with deference and will reverse only if the trial court abused its discretion." In the Matter ofDarrell P. (Mar. 7, 1997), 6th Dist. No. F-96-014, citing King v. King
(1992), 78 Ohio App.3d 599, 602. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1984), 5 Ohio St.3d 217, 219.
 {¶ 11} In the instant case, appellant contends that the record in this case does not support the trial court's order of supervised visitation. Testimony presented during the hearing reveals that Anna, in approximately October 2001, when she was two years old, began saying "Daddy touched my pee pee." Anna repeated this approximately 45 times at preschool and her teacher reported it to Wood County Children's Services. Children's Services conducted an investigation which was eventually closed as unsubstantiated.
 {¶ 12} Appellee testified that she noticed behavior changes in Anna right around the time Anna was making the above statement. Anna was hitting and biting at school, refusing to have her diaper changed and having sleep problems. Appellant denied abusing Anna and he fully cooperated in the Children's Services investigation. There was also testimony presented that appellant passed a polygraph test.
 {¶ 13} Dr. Wayne Graves testified that he performed a court ordered evaluation of the parties in April, May and June 2002. Dr. Graves' written report was admitted into evidence. In his report, Dr. Graves noted that appellee had been a sexual abuse victim as a child and "is the kind of individual who would likely react intensely to possible statements of, or suspicions about, sexual abuse." According to Dr. Graves, it did not appear that appellee was trying to end appellant's contact with Anna, she just wished to protect her. Dr. Graves did not note anything remarkable about appellant's history.
 {¶ 14} Dr. Graves stated that he did not believe that Anna had been sexually molested but that he could not rule it out. Dr. Graves stated that he did not believe that supervised visitation between appellant and Anna was necessary "except in overnight settings." Dr. Graves believed that it would be in Anna's best interest not to be treated like a sexual abuse victim and that a more "normalized visitation schedule" was important.
 {¶ 15} Conversely, guardian ad litem, Mimi Yoon, testified that she recommended continuing supervised visitation between appellant and Anna. Reaching this conclusion, Yoon noted that appellant, as a 38 year-old, had certain "idiosyncrasies" and "questionable judgment" including the use of Winnie-the-Pooh checks, forging close relationships with much younger females, proposing marriage to appellee within eight days of beginning the relationship, taking photographs of Anna while driving 65 miles per hour on the highway, and referring to her as "the little girl." When viewed collectively, Yoon acknowledged that these facts did not necessarily warrant supervised visitation. Yoon did state that combining the above facts with Anna's continued references to appellant touching her "pee pee" and the behavior changes observed by her caregivers, Yoon felt that until Anna was better able to "articulate her experience" supervised visitation was warranted. Yoon recommended periodic review of the supervised visitation order to determine whether adjustments were appropriate.
 {¶ 16} Yoon testified that she received Dr. Graves' report prior to the completion of her report and recommendations. Despite Dr. Graves' report and testimony, Yoon stated that she maintained her recommendation for supervised visitation.
 {¶ 17} Based on the foregoing, and after thoroughly reviewing the record, we find that the trial court did not abuse its discretion by ordering continued supervised visitation between Anna and appellant. There was testimony presented demonstrating that the continuation of supervised visitation was in Anna's best interest. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 18} On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
Judgment affirmed.
Handwork, P.J., and Knepper, J., concur.