OPINION
{¶ 1} Appellant, Victoria Balderson ("Balderson"), appeals from a judgment of the Seneca County Common Pleas Court, Juvenile Division, suspending her visitation rights with respect to her child, Ryan Shackelford ("Shackelford"). Balderson claims that such a judgment was against the manifest weight of the evidence. After reviewing the entire record, we find that the trial court's judgment is supported by competent and credible evidence. Therefore, Balderson's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 2} Shackelford was born on March 20, 2002, to Balderson and Charles Thomas Jr. ("Charles Jr."). In July of 2003, Charles Jr. was granted custody of Shackelford, and Balderson was granted supervised visitation with Shackelford at Patchworks House ("Patchworks") in Tiffin, Ohio. However, Patchworks eventually terminated Balderson's ability to use its facility for her visits because Balderson failed to regularly attend the scheduled visits.
 {¶ 3} On February 6, 2004, another hearing was held in order to redetermine Balderson's visitation rights in light of Patchworks' termination. As a result of this hearing, it was determined that Balderson would have visitation rights with Shackelford at the home of Shackelford's paternal grandfather, Charles Thomas, Sr. ("Charles Sr."), from 1:00 p.m. until 3:00 p.m. every other Sunday. The judgment entry also stated that Balderson's visitation rights would terminate should she miss three or more visits within a three month period. This judgment entry was not filed until July 2, 2004.
 {¶ 4} Subsequently, on August 31, 2004, Balderson filed a motion to review visitation. The basis for Balderson's motion was her claim that Charles Jr. was wrongfully denying her visitation. In response, Charles Jr. maintained that Balderson had missed three or more visits within a three month period and that Balderson's visitation rights should be terminated. After conducting a hearing, the trial court made the following finding:
For the reason that Mother has failed to comply with thiscourt's order of July 2, 2004, and for the reason that it wouldnot be in Ryan's best interest to allow visits between Mother andRyan at this time, the court finds by clear and convictingevidence that it is in the best interests of Ryan that visitsbetween Mother and Ryan be suspended until further order of thecourt.
 {¶ 5} Accordingly, Balderson's visitation rights with regard to Shackelford were suspended. It is from this judgment that Balderson appeals, presenting the following assignment of error for our review.
 Assignment of Error The trial court erred and abused its discretion by suspendingthe Appellant's visitation rights.
 {¶ 6} In her sole assignment of error, Balderson claims that the trial court abused its discretion by suspending her visitation rights. Specifically, she maintains that such a judgment was against the manifest weight of the evidence.
 {¶ 7} Trial courts are vested with broad discretion in determining the visitation rights of a noncustodial parent.Wilson v. Redmond, 12th Dist. No. CA2003-09-033, 2004-Ohio-3910, at ¶ 9, citing Appleby v. Appleby (1986),24 Ohio St.3d 39, 41. "Accordingly, while a trial court's decision with respect to visitation must be just, reasonable, and consistent with the best interest of the child, an appellate court must review a trial court's decision with respect to visitation with deference and will reverse it only if the trial court abused its discretion." Wilson at ¶ 9, citing King v.King (1992), 78 Ohio App.3d 599, 602; In re Nichols (June 8, 1998), 12th Dist. No. CA97-11-102. An abuse of discretion will only be found where the decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Where "there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion." Van Vorce v. Van Vorce, 3rd Dist. No. 2-04-11,2004-Ohio-5646, at ¶ 15, citing Kramer v. Kramer, 3d Dist. No. 13-02-03, 2002-Ohio-4383 at ¶ 11, citing Ross v. Ross (1980),64 Ohio St.2d 203, 208.
 {¶ 8} A noncustodial parent's right of visitation is a natural right and should be denied only under extraordinary circumstances. Pettry v. Pettry (1984), 20 Ohio App.3d 350,352. One example of an extraordinary circumstance is the unfitness of the noncustodial parent to participate in visitation. Id. The party contesting the visitation has the burden of proving by clear and convincing evidence that such an extraordinary circumstance exists. Hoppel v. Hoppel, 7th Dist. No. 03 CO 56, 2004-Ohio-1574, at ¶ 44, citing Pettry,
20 Ohio App.3d at paragraph one of the syllabus.
 {¶ 9} Herein, the trial court found by clear and convincing evidence that the suspension of Balderson's visitation rights would be in Shackelford's best interest. While the trial court did not specifically make a finding that Balderson was currently unfit for continued visitation, it is clear from the judgment entry that such an extraordinary circumstance was implied.
 {¶ 10} The trial court based its decision that suspended visitation would be in Shackelford's best interest on the finding that Balderson had violated the July 2, 2004 judgment entry by missing three or more scheduled visits within a three month period. This finding is supported by Charles Jr.'s testimony that Balderson missed scheduled visits on July 11 and 25, 2004 and on August 8, 2004. The trial court also relied on other findings in determining Shackelford's best interest including: that Balderson had missed numerous visits prior to the July 2, 2004 judgment entry; that Balderson's right to conduct visitations at Patchworks was suspended due to the amount of visits she missed; that Balderson was unemployed; that Balderson was not current in her child support of Shackelford; that Balderson had failed to comply with a court ordered drug and alcohol assessment; that Balderson did not have a driver's license; that Balderson had previously had her parental rights terminated with regard to another child; and that the guardian ad litem recommended that the Balderson's visitation rights with regard to Shackelford be suspended. Furthermore, the trial court stated in its judgment entry that Balderson could petition the court to reinstate her visitation privileges once she had successfully completed a substance abuse and alcohol assessment program.
 {¶ 11} After reviewing the entire record, we find that the evidence the trial court relied upon in determining Shackelford's best interest clearly and convincingly supports a finding that Balderson was unfit for visitation with Shackelford. Furthermore, all of the above findings are supported in the record by competent and credible evidence. Accordingly, the judgment is not against the manifest weight of the evidence, and the trial court did not abuse its discretion. Balderson's sole assignment of error is overruled.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Shaw, J.J., concur.