OPINION
{¶ 1} Appellant, Robbie Abad Phillip Ali, appeals a September 22, 2004, Judgment Entry filed in the Jefferson County Court of Common Pleas, Juvenile Division. In this entry, the trial court overruled Appellant's objections to the magistrate's August 17, 2004, decision, which denied Appellant's motion for reallocation of parental rights and responsibilities of the parties' minor child. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant is the father of the minor child, Abraham Louis Freeman-Harris. Appellee, Rhonda Jean Harris, NKA Rhonda Castrillon, is the boy's mother. He was born October 22, 1998. The parties were never married; however, paternity and visitation were established in 1999 in Jefferson County. Appellee was deemed the residential parent and legal custodian. She resided in Jefferson County at the time, and Appellant is a resident of Pittsburgh, Pennsylvania. Appellant's mother, the minor child's paternal grandmother, is also a party to this action.
 {¶ 3} Since Appellant is an emergency room physician who also teaches at the University of Pittsburgh with a varying work schedule, the court granted him flexible visitation rights. Appellant was allowed to exercise his visitation with the minor child by combining and accumulating his visitation days as long as Appellee was given 48 hours notice. This arrangement was evidently successful for a time.
 {¶ 4} Thereafter, in December of 1999, Appellee married. Her husband was a circus trapeze artist and she and the minor child traveled with the circus for approximately five months.
 {¶ 5} In July of 2002, Appellant filed a motion seeking an ex parte order granting him parenting time. He claimed that Appellee refused him access to their son. At the same time, Appellant also filed a motion asking the court to find Appellee in contempt of court and a motion seeking reallocation of parental rights. Appellant subsequently dismissed his contempt motion and motion for reallocation of parental rights without prejudice.
 {¶ 6} In early 2003, Appellee moved with the minor child and her husband to Corsicana, Texas. Since Appellee's husband had been injured while performing, he and Appellee retained new employment in Texas.
 {¶ 7} On June 15, 2004, Appellant filed his second motion for reallocation of parental rights and responsibilities. Appellant sought to be named the residential parent. In the alternative, he requested that the parties follow a proposed shared parenting plan. However, there is no indication that Appellee ever agreed to this shared parenting plan.
 {¶ 8} In response, Appellee filed a motion to dismiss Appellant's request for reallocation of parental rights. Appellee asserted that Ohio lacked jurisdiction to hear the case since she and the minor child had relocated to Texas in early 2003.
 {¶ 9} On August 12, 2004, a Jefferson County Court of Common Pleas, Juvenile Division Magistrate heard the parties' testimony and evidence regarding their competing motions. He issued his decision on August 17, 2004 and overruled both Appellee's motion to dismiss and Appellant's motion for reallocation of parental rights and responsibilities.
 {¶ 10} The magistrate concluded as a matter of law that there had been a change in circumstances. However, he concluded that a modification of parental rights and responsibilities would not serve the best interest of the child. (Aug. 17, 2004, Magistrate's Decision.)
 {¶ 11} On August 30, 2004, Appellant filed five objections to the magistrate's decision. His objections were summarily overruled via the trial court's September 22, 2004, Judgment Entry adopting the magistrate's decision. Appellant timely appealed this decision. He asserts three assignments of error on appeal.
 {¶ 12} Appellant's third assignment of error is addressed first herein:
 {¶ 13} "THE MAGISTRATE ERRED BY FINDING THAT THERE HAS BEEN A CHANGE IN CIRCUMSTANCES OF THE CHILD, THE CHILD'S RESIDENTIAL PARENT, OR EITHER OF THE PARENTS AND YET FAILED TO MODIFY THE PRIOR PARENTING DECREE."
 {¶ 14} R.C. § 3109.04(E) provides in part:
 {¶ 15} "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 16} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 17} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 18} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." (Emphasis added.)
 {¶ 19} In the instant cause, Appellant claims that the trial court erred in failing to modify the parties' rights and responsibilities concerning the minor child based on the fact that the trial court found that a change in circumstances existed.
 {¶ 20} The trial court in the instant matter specifically found that although a change in circumstances existed, "a change of environment would definitely be harmful to the child." (Aug. 17, 2004, Magistrate's Decision.) Thus, it denied Appellant's request for a modification of parental rights and responsibilities. The magistrate's decision was subsequently adopted by the trial court. (Sept. 22, 2004, Judgment Entry.)
 {¶ 21} Appellant fails to direct this Court's attention to anything in support of his assertion that a finding of a change in circumstances alone necessitates a modification in parental rights and responsibilities.
 {¶ 22} Contrary to Appellant's assertions, the applicable statute requires more than a finding that a change in circumstances exists. A court must not only make one of the three specified findings under R.C. § 3109.04(E)(1)(a), but the court must also conclude that modification is necessary to serve the best interest of the child.
 {¶ 23} The court in the instant matter concluded that a change in environment would be harmful to the minor child. Appellant claims that there was no evidence to support this finding. However, a trial court is entitled to broad discretion in assessing whether a change in allocation of parental rights and responsibilities is warranted. Miller v. Miller (1988),37 Ohio St.3d 71, 523 N.E.2d 846. An abuse of discretion means more than an error of law or judgment. It signifies that the court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 24} Contrary to Appellant's assertion, the evidence in the record before us reflects that Appellee has essentially been the minor child's primary caregiver since birth, the minor child is very close to his mother, stepfather, and half brothers in Texas, and that the minor child would be "devastated" if he was removed from his home and family in Texas. (Aug. 12, 2004, Tr., pp. 200, 203-204, 206, 208, 219-220, 223.) Thus, there was sufficient evidence before the trial court to support its decision.
 {¶ 25} Further, there is nothing before this Court otherwise to indicate that the trial court's decision amounted to an abuse of discretion. As such, Appellant's third assignment of error lacks merit and is overruled.
 {¶ 26} Appellant's first and second assignments of error are interrelated. Thus, they are addressed together herein. These claimed errors assert:
 {¶ 27} "THE COURT ERRED BY ADOPTING THE MAGISTRATE'S FINDINGS, WHICH DID NOT GIVE THE PARTIES ANY DIRECTION AS TO HOW LONG DISTANCE PARENTING TIME SHOULD BE CONDUCTED.
 {¶ 28} "THE MAGISTRATE ERRED BY FINDING IN HIS RECOMMENDATIONS WHICH WERE AFFIRMED BY THE TRIAL COURT THAT THE PARTIES `HAVE NO PROBLEM REGARDING VISITATION'."
 {¶ 29} In these assignments, Appellant takes issue with the magistrate's finding that there were no problems concerning visitation. Appellant also claims that the magistrate failed to address how the parties' long distance parenting and visitation time should be implemented.
 {¶ 30} Trial courts are vested with broad discretion in determining the visitation rights of a noncustodial parent.Appleby v. Appleby (1986), 24 Ohio St.3d 39, 41,492 N.E.2d 831. Accordingly, an appellate court must review a trial court's visitation decision with deference under the abuse of discretion standard. King v. King (1992), 78 Ohio App.3d 599, 602,605 N.E.2d 970; In re Nichols (June 8, 1998), 12th Dist. No. CA97-11-102, 2. An abuse of discretion exists when the trial court's decision is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. There is no abuse of discretion where there is some competent, credible evidence supporting the trial court's decision. Ross v. Ross (1980), 64 Ohio St.2d 203, 208,414 N.E.2d 426.
 {¶ 31} The magistrate in the instant matter concluded that: "The parties have a separate relationship regarding visitation and there has been no problem regarding visitation." (Aug. 17, 2004, Magistrate's Decision.)
 {¶ 32} The limited testimony presented at the hearing concerning parenting or visitation time is essentially undisputed. Both parties agreed that Appellant has for the most part had flexible visitation time with the minor child and that Appellee has consented to the same. For example, Appellant has been allowed to take the minor child for a month or two at a time when the parties' schedules allowed.
 {¶ 33} However, now that the minor is school aged, Appellant predicts problems with visitation based on the fact that Appellant travels internationally during the main periods that the child will be free from school and available to visit in Pittsburgh. This was one of Appellant's arguments in support of his claim that a change in custody was in the child's best interest. Appellant claims that he would be more available during the school year to help with his son's school work and that the minor child would enjoy his holiday and summer vacation breaks with his family in Texas.
 {¶ 34} The trial court apparently disagreed with Appellant since it concluded that making Appellant the custodial parent in Pittsburgh was not in the child's best interest.
 {¶ 35} In addition, there was nothing before the trial court demonstrating that the parties' current flexible visitation plan could not continue to be successful. Appellee testified that the visitation plan has been successful since they relocated to Texas. (Tr., p. 222.) Appellant claimed that it would be better for him to see the child during the school year since he intended to continue his overseas medical project during regular school breaks. However, there was no evidence reflecting that Appellant was obligated to continue these overseas trips during school breaks or that he was completely unavailable to visit during the child's scheduled school breaks.
 {¶ 36} Notwithstanding, and as Appellant points out in his brief, the minor's visitation schedule and transportation costs between Texas and Pittsburgh may certainly present technical difficulties for the parties. However, Appellant's motion before the court did not request a modification of the parties' prior visitation arrangement. Instead, Appellant asked for custody of the minor child or, in the alternative, for shared parenting.
 {¶ 37} Appellant's concerns about the implementation of his parental visitation time were not presented to the trial court as visitation problems. Instead, the focus of his motion and the hearing was whether it was in the child's best interest to change the parties' parental rights and responsibilities. Thus, the trial court did not abuse its discretion in not providing the parties with new visitation instructions.
 {¶ 38} Based on the foregoing, Appellant's second and third assignments of error lack merit and are overruled.
 {¶ 39} In conclusion, all of Appellant's assignments of error lack merit and are overruled and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.