OPINION
{¶ 1} Defendant-appellant, Andrew Daugherty, appeals from a divorce decree and shared parenting plan entered by the Butler County Court of Common Pleas, Domestic Relations Division. We affirm.
 {¶ 2} Appellant and plaintiff-appellee, Linda Daugherty, were married on October 13, 1984. During the course of their 19-year marriage, the couple had two children: Brittany, born September 25, 1987, and Hannah, born October 14, 1996. In November 2002, appellee filed a complaint for divorce. The trial court issued decisions on the matter in August 2003 and February 2004.[1]
 {¶ 3} The court designated appellee as the residential parent for school purposes and ordered parenting time for appellant in accordance with the Butler County Domestic Relations Court standard guidelines. The court amended the shared parenting plan, altering some of the pick-up and return parenting times per appellant's request. Appellant's return time was moved to 9:00 p.m. on weekdays during the school year and 10:00 p.m. on weekdays during the summer. The court denied appellant's requested return time on Sundays because of appellee's desire to attend church with her children on Sunday evenings. However, the court order provides appellant the opportunity to pick-up the children at 5:00 p.m. on Friday or earlier upon notice.[2]
 {¶ 4} The court ordered appellant to pay monthly child support in the amount of $584.62 as well as the costs to maintain their medical insurance. Nonmedical expenditures incurred for the children are to be paid 70 percent by appellant and 30 percent by appellee. Appellant was also ordered to pay monthly spousal support of $400 for a five-year period or until appellee dies, remarries, or cohabits. For purposes of setting the child and spousal support, the court found that appellant earned an annual gross income of $40,000. Appellee's annual gross income was $14,500.
 {¶ 5} The divorce decree also contains provisions that deal with the division of the parties' property. Pertinent to this appeal, the court divided the proceeds from the sale of the marital residence, totaling $180,901.32, equally between the parties. The parties' retirement accounts were also split equally except for appellee's School Employees Retirement System (SERS) account which appellee was allowed to retain. Similar to the division of assets, the court divided the debts of the parties' joint credit card accounts equally.
 {¶ 6} On March 29, 2004, the trial court entered both a final decree of divorce and a shared parenting decree with the parties' shared parenting plan attached. Appellant now appeals the court's orders raising five assignments of error.
 {¶ 7} In appellant's first and second assignments or error, he argues that the trial court erred when it determined appellee's income from her employment with the Talawanda School District for purposes of spousal and child support. Appellant maintains that appellee is voluntarily underemployed and that the court should impute income to reflect her earnings potential based on her skills and past experience.
 {¶ 8} Whether a parent is voluntarily unemployed or underemployed is a factual determination to be made by the trial court based upon the circumstances of each particular case. Rockv. Cabral (1993), 67 Ohio St.3d 108, 112. Absent an abuse of discretion, an appellate court will not disturb the trial court's finding in this regard. Id. An "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Appellant points to appellee's previous income of approximately $27,000 in support of his proposition that the court should have found appellee to be voluntarily underemployed. Appellee, a high school graduate, testified that she worked for six years as the transportation manager for Cincinnati Concrete Pipe Company. She was specifically trained by the company and performed a number of different tasks including dispatching truck drivers for delivery, handling accounts, and providing customer service. She quit the job in 1997 because the levels of job stress were extremely high. Appellee claimed that at her skill level, she could earn approximately $20,000 annually. However, appellee earns about $14,500 as an educational assistant in the Talawanda School District.
 {¶ 10} Despite the disparity between appellee's actual and potential income, the trial court did not impute income to appellee as the result of voluntarily underemployment. See R.C.3119.01(C)(11). The court noted that appellee has the primary responsibility of providing day-to-day care of the parties' two children. Appellee's job allows her to minimize the costs of daycare as well as maximize the time she can spend with the children. We find that the trial court did not abuse its discretion by using appellee's salary from the school district as the amount of her annual gross income. Appellant's first and second assignments of error are overruled.
 {¶ 11} In appellant's third and fifth assignments of error, appellant argues that the trial court erred in its division of marital assets and debts. Specifically, he argues that the division of the assets should reflect appellee's alleged misconduct with respect to the sale of their house which resulted in the loss of approximately $15,000. Appellant also alleges that the trial court erred when it allowed appellee to retain the entire amount of her retirement plan. With respect to the equal division of the parties' credit card debt, appellant contests the amount owed to a joint credit card account that appellee used to retain legal counsel in the divorce proceedings.
 {¶ 12} A trial court is vested with broad discretion in the division of marital property in domestic cases. Middendorf v.Middendorf, 82 Ohio St.3d 397, 401, 1998-Ohio-403. A trial court's decision regarding the division of marital property will be upheld absent an abuse of discretion. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 131.
 {¶ 13} Examining the division of the house sale proceeds, appellant claims that appellee should not be entitled to one half of the proceeds because she allegedly refused to cooperate with the sales negotiations of the house. Appellant testified that the parties received an initial offer to buy the house for $360,000. The house was later sold for $373,000, but because of closing costs and added commission, appellant estimated that the parties lost $15,000 of additional proceeds. Appellee, however, presented evidence that she did not sign the sales contract because appellant did not forward the complete contract to her. Specifically, the sales contract that appellant faxed to her was missing an entire attached exhibit to the contract itself. There is no evidence of misconduct on appellee's part. We find the court did not err when it ordered the proceeds of the house to be divided equally.
 {¶ 14} Appellant also argues that the trial court abused its discretion when it allowed appellee to retain the entirety of her SERS account. The trial court's decision noted that appellee "has a small SERS account" and did not order its equal division. Appellee's SERS account contained approximately $440 when the trial court issued its decision. We find that the trial court did not act unreasonably, arbitrarily, or unconscionably by making such order.
 {¶ 15} Appellant also disputes the equal division of the parties' credit card debts because appellee charged her attorney fees to one of the joint accounts. However, appellant did not raise this issue at trial. Thus appellant cannot raise the issue for the first time on appeal. Accordingly, appellant's third and fifth assignments of error are overruled.
 {¶ 16} In his fourth assignment of error, appellant argues that the trial court erred when it denied his request to modify the standard parenting order. Specifically, he contests the court's order for an alleged early return of the children to their mother on Sunday evenings for church purposes.
 {¶ 17} A trial court is vested with broad discretion in determining the visitation rights of a noncustodial parent.Appleby v. Appleby (1986), 24 Ohio St.3d 39, 41. Pursuant to R.C. 3109.051(A), the court order must be "just and reasonable" and guided by the best interest of the children. An appellate court will not disturb the finding of the trial court regarding visitation absent an abuse of discretion. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144.
 {¶ 18} Appellant's argument that the court amendments "effectively give Appellant less than the Standard Order of Parenting" is factually inaccurate and without merit. On the contrary, the trial court modified the standard parenting time guidelines in such a manner that increases his parenting time. The trial court delayed the return time on weekday nights by one hour during the year school year and two hours during the summer. The trial court did not change appellant's Sunday return time as he requested, but it did attempt to accommodate appellant's desire for additional weekend time by permitting an early Friday pick-up, thereby adding an hour or more parenting time for appellant. The trial court did not act unreasonably, arbitrarily or unconscionably. Appellant's fourth assignment of error is overruled.
 {¶ 19} Judgment affirmed.
Walsh and Bressler, JJ., concur.
[1] The court's decision of February 11, 2004, was issued in response to appellant's motion for clarification.
[2] {¶ a} Butler County's Domestic Relations Rule 610, the standard parenting time guidelines, provides the following:
{¶ b} "Parenting time between non-residential parents and children should not be less than:
{¶ c} "1. Alternate weekends beginning Friday at 6:00 p.m. and ending Sunday at 6:00 p.m.
{¶ d} "2. On weeks when there is no weekend parenting time, Monday from 5:00 p.m. to 8:00 p.m.
{¶ e} "* * *."