OPINION
{¶ 1} Plaintiff-appellant Jennifer L. Suermann ("Jennifer") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Domestic Relations Division.
 {¶ 2} On August 5, 2000, Jennifer and defendant-appellee Michael C. Suermann ("Michael") were married. Katie Suermann ("Katie") was born to the couple on May 29, 2003. On January 29, 2004, Jennifer filed for divorce. A hearing was held before a magistrate on January 19 and January 21, 2005. The magistrate issued a decision on April 5, 2005, and objections were filed by both parties. On August 19, 2005, the trial court remanded the matter to the magistrate for further consideration of objections by both parties. A supplemental decision was issued by the magistrate on August 22, 2005. No objections were filed, though corrections were made by agreement of the parties. As a result, the trial court entered a decree of divorce on January 19, 2006.[1]
 {¶ 3} The judgment required the parties to submit a joint reintegration plan prior to unsupervised visitations between Katie and Michael. If the parties were unable to reach an agreement, the court would establish a reintegration plan. The parties were unable to agree on an integration plan. On February 3, 2006, Michael filed his own reintegration plan. Jennifer filed a memorandum on February 15, 2006, objecting to Michael's plan and requesting a hearing. The magistrate declined to hold a hearing and entered judgment adopting Michael's plan on March 6, 2006. Jennifer filed objections to the magistrate's decision on March 16, 2006. On April 24, 2006, the trial court overruled the objections and adopted the magistrate's decision with some minor changes. Jennifer brings this appeal from these judgments and raises the following assignments of error.
 The trial court erred in not finding that $7,377.61 of the money
 received by [Jennifer] was used as payments on parties' car loan. The trial court erred in not awarding [Jennifer] one-half of $3,388.00 for difference in personal property retained by the parties.
 The trial court erred in awarding [Michael] unsupervised visitation pursuant to Appendix K of the Hancock County Rules of Court.
 The trial court abused its discretion in denying [Jennifer] an opportunity to present evidence regarding the integration plan.
 {¶ 4} In the first assignment of error, Jennifer claims that the trial court erred in not finding that $7,377.61 of the money received by Jennifer was used as payments on the car loan. In the property division, the trial court credited Jennifer with $25,600.00 that was taken by Jennifer when she left the marriage. From that money, the trial court granted Jennifer credit for one car payment. The undisputed testimony was that Jennifer had to make monthly payments of $815.29 on the Grand Prix. Tr. 107. She testified that she continued to make the monthly payments until the sale of the vehicle. Tr. 109. The evidence presented by Jennifer was that she made nine payments on the vehicle before she traded it in on a cheaper vehicle. This totals $7,337.61 in payments. Michael did not dispute that an amount was owed on the vehicle or that the payments were made. Thus, the undisputed evidence is they were made. Additionally, the trial court credited Jennifer in the property division for the initial withdrawals of $25,000.00, plus $815.29 for one car payment and $600.00 in another check as a portion of her marital share. The trial court then granted Michael an equal share of the trade in value of the vehicle nine months later, which was $8,483.34 in equity. However, the trial court never divided the marital debt on the vehicle paid by Jennifer from September until the car was sold in April.[2] A total of $6,522.32 of marital debt was paid solely by Jennifer, increasing Michael's share of the property division by $3,261.16 as that is the amount of his share of the debt paid by Jennifer. Thus the trial court erred in either attributing an additional $3,261.16 of marital property to Jennifer from the initial withdrawal or in not reducing Michael's share of the equity in the Grand Prix by that amount. To find otherwise is to grant Michael the value of the equity twice. The first assignment of error is sustained.
 {¶ 5} Next, Jennifer claims that the trial court erred in finding that no additional division for personal property was required. The sole testimony on the value of any marital assets still remaining came from Michael. He testified that he had already returned all of Jennifer's premarital possessions. He then testified as follows.
 Q: How do you propose to divide the balance of these items that are currently in your possession that are marital property, particularly the china, stemware, wine glasses, how do you propose to divide those?
 A: I propose that each of us keep what we have right now and that we divide the cost of the items, and Jennifer gets her portion, gets 50 percent of the assessed value of those items.
 Q: Do you know how much that is?
 A: I went over that list yesterday with my attorney, and we came up with an approximate value of 3,388 (sic) I think. And that includes the items that I sold like the lawn mower, yard equipment, refrigerator.
 Q: So $3,388?
 A: Yes, I propose that we split that in half and that Jennifer gets her share of that.
Tr. 76. This testimony was not disputed or contradicted in any manner. Despite this testimony, the trial court found that no evidence was presented of values of personal property. This finding is clearly contrary to the evidence. The testimony of Michael is that all the property had been split except for the $3,388 worth of personal property still in his possession. He also testified that he wished to keep it and just give Jennifer her share of that property, or $1,694.00. Although Michael's brief claims that this was an agreed division, the record clearly indicates that there was no agreement that Michael would keep the additional items without compensation to Jennifer. Michael proposed that he would keep the items and that Jennifer would receive her share of compensation. This is the proposal to which no objection was raised. The fact that Jennifer did not specifically request to have any additional items does not mean that she did not want to be compensated for the items Michael stated he wished to keep. Given the testimony before the court, the trial court erred in finding that no value was given to marital property to be divided. The second assignment of error is sustained.
 {¶ 6} Having found error in the property division, a review of the division is best explained by use of a table.
Asset/Liability Total Value Jennifer Michael
Financial Accounts $56,580.74[3] $25,600.00 $30,980.74
Grand Prix $8,483.34 $4,241.67 $4,241.67
Personal Property $3,388.00 $0.00 $3,388.00
Ford Explorer $6,730.00 $3,365.00 $3,365.00
Credit Card Debt ($2,200.00) 0 ($2,200.00)
Grand Prix Debt ($6,522.32) ($6,522.32) 0
Court Ordered Payment
to Equalize Division $713.70 ($713.70)
Totals $66,459.76 $27,398.05 $39,061.71
Total Difference $11,663.66 $5,831.83 ($5,831.83)
Totals $33,229.88 $33,229.88

Thus, to achieve an equal division of property, Michael would need to pay Jennifer an additional $5,831.83.
 {¶ 7} The third assignment alleges that the trial court erred in granting Michael unsupervised visitation. Jennifer argues that Michael should only have supervised visitation with Katie because he might have another bipolar episode which could result in harm to Katie. A trial court has broad discretion regarding visitation rights. Karales v.Karales, 10th Dist. No. 05-AP856, 2006-Ohio-2963. "There is no abuse of discretion where there is some competent, credible evidence supporting the trial court's decision." Id. at ¶ 5. Here, the evidence before the trial court included the testimony by deposition of Dr. Chilakamarri. Dr. Chilakamarri testified that in his opinion, Michael could have unsupervised visits with Katie. Dep. 27. This opinion was based upon his examination of Michael, Michael was psychiatrically stable and that as long as he stayed on his medications, he was perfectly capable of caring for Katie and making competent decisions. Id. at 27 52. Based upon this testimony, as well as the testimony of Michael's witnesses that he took his medication on time and behaved normally, and the reports of the caseworkers who supervised his prior visits, the trial court could reasonably conclude that Michael should have unsupervised visitations. The trial court even added safety measures by requiring Michael to submit to blood tests prior to visitation to insure that he was taking his medications appropriately. Thus, the trial court's decision was supported by some competent, credible evidence and is not an abuse of discretion. The third assignment of error is overruled.
 {¶ 8} Finally, Jennifer claims that the trial court erred in not granting her a hearing on the integration plan. This court notes that the question before the trial court was not a determination of custody, but rather a method of implementing the prior order. No statutory proceeding is set forth to accomplish this goal and no specific procedure is required. After the first set of objections to the magistrate's opinion, the trial court ordered the parties to submit reintegration plans. Michael did so. The magistrate granted Michael's plan without a hearing. Jennifer filed objections to this opinion and requested a hearing on the matter. A review of the record indicates that the trial had already occurred and the evidence was before the trial court. Although Jennifer claims that she wished to present evidence regarding the factors of R.C. 3109.051(D) mandated for consideration by the trial court when making an initial determination of parental rights, the items claimed as needing a hearing were all addressed in the trial and were before the trial court already. No new evidence is claimed. Additionally, the trial court did not merely "rubber stamp" the magistrate's decision. Instead, the trial court independently reviewed the decision and made changes to the proposed reintegration plan before entering judgment. Thus, the trial court did not abuse its discretion in not holding a new hearing. The fourth assignment of error is overruled.
 {¶ 9} Having found error in the division of marital property, this cause is remanded to the Court of Common Pleas of Hancock County, Domestic Relations Division for entry of judgment dividing the marital property in accord with this opinion. The remainder of the judgment is affirmed. The matter is remanded.
Judgment Affirmed in Part, Reversed in Part and Cause Remanded.
 ROGERS and SHAW, J.J., concur.
[1] An appeal and cross-appeal were taken from this judgment. However, this court sua sponte dismissed the appeals on May 5, 2006, as not being from a final judgment.
[2] Why this was not done is not clear since the trial court divided the marital credit card debt between the parties even though Michael had already paid it.
[3] This is the final balance of $57,396.03 less the August 2003 car payment of $815.29 which the trial court found was marital debt and properly paid from marital funds.