OPINION *Page 2 
{¶ 1} Appellant Kimberly Cremeans appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, which granted Appellee Shawn Cheadle parenting time orders regarding the parties' four-year-old son. The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} Appellant Kimberly Cremeans and Appellee Shawn Cheadle are the parents of the minor child Shawn Cheadle II. Paternity was established via judgment entry filed on October 17, 2002. On March 21, 2006, appellee filed a motion seeking shared parenting or, in the alternative, companionship/visitation rights with Shawn II. The matter proceeded to an evidentiary hearing before a magistrate on July 11, 2006. The magistrate issued a decision on August 25, 2006, denying appellee's request to adopt a shared parenting plan, but granting appellee's request for a definite parenting time schedule.
 {¶ 3} Appellant timely filed objections to the magistrate's decision. On January 26, 2007, the trial court issued a judgment entry overruling appellant's objections and adopting the decision of the magistrate. Said judgment entry states as follows, in pertinent part:
 {¶ 4} "The Court considered the overall competent, credible and relevant evidence admitted into the record in light of the relevant statutory `best interest' factors that are contained in Revised Code Section 3109.051(D).
 {¶ 5} "The Court finds no credible basis to believe that the second petitioner's parenting times with the child should be supervised or otherwise limited. *Page 3 
 {¶ 6} "The Court therefore grants the second petitioner parenting times with the child on two (2) consecutive weekdays per calendar week, including overnights as well as on two (2) non-consecutive weekends per calendar month, from Friday at 6:00 PM to Sunday at 6:00 PM. Further, the parties shall alternate major holidays and days of special meaning as provided for by Local Rule 19.41 (C)(3) and the extended parenting times under Local Rule 19.41 (C)(4). Further, the `General Rules regarding parenting times' set forth in Local Rule 19.43 shall apply to this case. A full copy of Local Rule 19.0 that are (sic) applicable to this matter are (sic) incorporated into this entry as if fully rewritten herein." Judgment Entry at 2.
 {¶ 7} On February 20, 2007, appellant filed a notice of appeal.[1]
She herein raises the following sole Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN MAKING ITS BEST INTEREST DETERMINATION REGARDING COMPANIONSHIP BETWEEN A FATHER AND HIS FOUR-YEAR-OLD SON, BY FAILING TO CONSIDER THAT THE CHILD HAS NEVER SPOKEN TO THE FATHER AND DISREGARDING THE TESTIMONY OF THE CHILD'S COUNSELOR."
 I. {¶ 9} In her sole Assignment of Error, appellant argues the trial court erred in finding the child's best interests would be served by granting parenting time to appellee. We disagree. *Page 4 
 {¶ 10} Ohio's visitation (or "parenting time") statute is R.C. 3109.051(D), which reads in pertinent part as follows:
 {¶ 11} "In determining whether to grant parenting time to a parent pursuant to this section * * *, the court shall consider all of the following factors:
 {¶ 12} "(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;
 {¶ 13} "(2) The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;
 {¶ 14} "(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;
 {¶ 15} "(4) The age of the child;
 {¶ 16} "(5) The child's adjustment to home, school, and community;
 {¶ 17} "(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court; *Page 5 
 {¶ 18} "(7) The health and safety of the child;
 {¶ 19} "(8) The amount of time that will be available for the child to spend with siblings;
 {¶ 20} "(9) The mental and physical health of all parties;
 {¶ 21} "(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;
 {¶ 22} "(11) In relation to parenting time, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 23} "(12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation *Page 6 
of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that the person has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 24} "(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 25} "(14) Whether either parent has established a residence or is planning to establish a residence outside this state;
 {¶ 26} "(15) In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court;
 {¶ 27} "(16) Any other factor in the best interest of the child."
 {¶ 28} Decisions on child visitation lie within the trial court's broad discretion. Suermann v. Suermann, Hancock App. No. 5-06-19,2006-Ohio-6484, ¶ 7, citing Karales v. Karales, Franklin App. No. 05-AP-856, 2006-Ohio-2963. "A nonresidential parent's right of visitation with his children is a natural right and should be denied only under extraordinary circumstances." In the Matter of Nichols (June 8, 1998), Clermont App. No. CA97-11-102, 1998 WL 295937, citingPettry v. Pettry (1984), *Page 7 20 Ohio App.3d 350, 352, 486 N.E.2d 213. "Extraordinary circumstances would include the unfitness of the noncustodial parent, or a showing by clear and convincing evidence that visitation presents a significant risk of serious emotional or physical harm to the child." Nichols, supra, citingJohntonny v. Malliski (1990), 67 Ohio App.3d 709, 712-713,588 N.E.2d 200.
 {¶ 29} A review of the record in the case sub judice indicates that appellee-father is a National Guardsman who recently returned from a deployment in Kuwait and Iraq. He has returned to his civilian job and has been attempting to develop his parental relationship with Shawn II. Prior to court involvement, appellee had completed several visits with the child. Tr. at 66.
 {¶ 30} Appellant nonetheless points to social worker testimony that Shawn II, who suffers from an anxiety condition that limits his tendency to speak "outside of people that he's most comfortable with," had not yet verbalized anything to his father. Tr. at 131. Appellant also expresses concern that appellee will allow the child to spend time around appellee's mother, who was investigated approximately forty years ago for child neglect, and whose home has been cited for needed repairs by the Licking County Health Department. However, the magistrate found that "each of the parties is a capable and very suitable parent." Magistrate's Decision at 4. Both the magistrate and the judge set forth that the factors of R.C. 3109.051(D) were considered by the trial court in reaching its decision. We also note appellant testified that the parties "need to at least get a set schedule" for visitation. Tr. at 169. Upon review, we are disinclined to conclude the trial court abused its discretion in finding appellee should be permitted to exercise a visitation schedule with the child. *Page 8 
 {¶ 31} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
 Wise, J., Hoffman, P. J., and Gwin, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Appellee has not filed a response brief in the within appeal. *Page 1