**[Cite as *In re A.R.*, 2019-Ohio-713.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
|  | : |  |
|  | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| IN RE A.R. | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
|  | : | Case No. 18CA44 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County Court
of Common Pleas, Juvenile Division,
Case No. 2017-DEP-00025

JUDGMENT:                  AFFIRMED

DATE OF JUDGMENT ENTRY:    February 27, 2019

APPEARANCES:

For Mother-Appellant:

DARIN AVERY
105 Sturges Ave.
Mansfield, OH 44903

*Delaney, J.*

{¶1} Mother-Appellant appeals the May 17, 2018 judgment entry of the Richland County Court of Common Pleas, Juvenile Division. Appellee Richland County Children Services Board and Appellee Father did not file an appellate brief.

**FACTS AND PROCEDURAL HISTORY**

{¶2} N.R., Mother-Appellant, was residing at a drug treatment facility receiving methadone treatment when she gave birth to A.R. on January 21, 2017. A.R. tested positive for methadone at birth. While at the hospital, the staff observed Mother repeatedly falling asleep while she breastfed A.R. For A.R.'s welfare, the hospital staff would not permit Mother to be alone with A.R. On January 23, 2017, A.R. tested positive for opiates even though Mother had not been prescribed opiates. Mother wanted to bring A.R. to the residential drug treatment facility, but the facility could not supervise the child.

{¶3} On February 15, 2017, the Richland County Children Services Board ("RCCSB") filed a complaint alleging A.R. was a dependent and abused child pursuant to R.C. 2151.04 and 2151.031. Father of A.R. was alleged to be L.E. pending genetic testing.

{¶4} A.R. was adjudicated a dependent child on April 25, 2017. By judgment entry issued May 3, 2017, A.R. was placed in the temporary custody of RCCSB. RCCSB placed the child with maternal relatives. At that time, Father's paternity had not been established. Mother had voluntarily left her drug treatment facility without completing her treatment and her address was unknown. RCCSB established a case plan for Mother and Father. The case plan included visitation for both parents. Father complied with his case plan requirements. As part of her case plan, Mother was required to successfully

complete substance abuse treatment with random drug screens and releases of information to RCCSB. Mother did not complete her case plan requirements.

{¶5}　On May 9, 2017, Father filed a motion for disposition requesting temporary custody of the child.

{¶6}　Father's paternity was established by genetic testing and court order on May 10, 2017.

{¶7}　In July 2017, Mother was indicted in Richland County for possession of heroin, aggravated possession of drugs, and possession of drugs.

{¶8}　On September 12, 2017, Father filed a motion for no contact order. Father requested the trial court order that it was in the best interests of A.R. that Mother be prohibited from having contact with Father. Mother allegedly came to Father's residence without invitation while A.R. was present. Mother made allegations against Father and refused to leave.

{¶9}　The trial court granted Father's motion for no contact on October 19, 2017.

{¶10} The trial court held a hearing on October 20, 2017 on Father's motion for temporary custody. At the time of the hearing, Mother was confined in the Richland County Jail based on a probation violation. Mother had a recent opiate overdose, but she did not know the reason for her recent confinement because she stated she had so many drug-related cases pending. Mother opposed Father's motion that he be awarded temporary custody of the child. She claimed at the hearing that she observed Father sexually abuse the child during her unsanctioned visit to Father's home, which was the impetus for the no-contact order. Mother claimed her observation of the incident caused her to take heroin again. RCCSB investigated Mother's claim and found it was

unsubstantiated. The Guardian ad litem recommended temporary custody be awarded to Father with the child remaining in the protective supervision of the RCCSB.

{¶11} On February 1, 2018, the magistrate issued its amended magistrate's decision recommending that temporary custody of the child be granted to Father, with an order of protective supervision to RCCSB. The magistrate further recommended that it was in the best interests of the child that Mother have no contact with the child and Father pending presentation of proof of her substantial compliance with the substance abuse treatment as stated in her case plan.

{¶12} Mother filed objections to the magistrate's decision on February 15, 2018. She argued the magistrate's decision was not supported by the evidence at trial and against the manifest weight of the evidence. Mother filed supplemental objections to the magistrate's decision on May 1, 2018. She objected to the magistrate's findings of facts that RCCSB fully investigated her concerns regarding Father's alleged sexual abuse of the child and that Father was giving the child the proper protection and care.

{¶13} On May 17, 2018, the trial court overruled Mother's objections and adopted the magistrate's decision.

{¶14} It is from this judgment Mother now appeals.

**ASSIGNMENT OF ERROR**

{¶15} Mother raises one Assignment of Error:

{¶16} "THE COURT ABUSED ITS DISCRETION BY ORDERING MOTHER TO HAVE NO CONTACT WITH HER INFANT CHILD A.R."

**ANALYSIS**

{¶17} Mother contends in her sole Assignment of Error that the trial court abused its discretion when it ordered Mother to have no contact with the child until she completed her drug treatment pursuant to her case plan. She argues the magistrate failed to establish the no-contact order was in the best interest of the child. We have reviewed Mother's objections and supplemental objections to the magistrate's decision. Based upon our review of her objections, we find Mother failed to file a specific objection to the magistrate's conclusion of law that "it is in [A.R.'s] best interests that the Court's prior order of no contact between the minor child and [Mother] be maintained pending [Mother's] successful completion of substance abuse treatment and pending further order of this Court." (Amended Magistrate's Decision, Feb. 1, 2018).

{¶18} Objections to a magistrate's decision are governed by Civ.R. 53. Civ. R. 53(D) states in pertinent part:

(3) Magistrate's decision; objections to magistrate's decision

* * *

(b) Objections to magistrate's decision

* * *

(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the

time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

(ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

* * *

(iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶19} Mother failed to file a specific objection pursuant to Civ.R. 53(D)(3)(b) that argued the magistrate erred in continuing the no-contact order with child until Mother completed her drug treatment. We therefore find Mother cannot assign as error on appeal the trial court's adoption of any factual finding or legal conclusion pursuant to Civ.R. 53(D)(3)(b)(iv). We note that authority exists in Ohio law for the proposition that Mother's failure to object to a conclusion of law in a magistrate's decision does not bar appellate review of "plain error." *In re B.H.,* 5th Dist. Fairfield No. 14–CA–53, 2014–Ohio–5790, ¶¶ 56–57 citing *R.G. Real Estate Holding, Inc. v. Wagner*, 2nd Dist. Montgomery App. No. 16737, 1998 WL 199628(Apr. 24, 1998); *In re Ortego,* 5th Dist. Tuscarawas No.1999AP05003, 2000 WL 330069 (Mar. 8, 2000); *Batsch v. Tress*, 11th Dist. Portage No.2000–P–0022, 2001–Ohio–4343. However, the Supreme Court has cautioned against the over application of plain error analysis:

> The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings. *Schade*, 70 Ohio St.2d at 209, 24 O.O.3d at 317, 436 N.E.2d at 1003; *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 124, 512 N.E.2d 640, 643; *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 275, 18 OBR 322, 327–328, 480 N.E.2d 794, 800.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 1997–Ohio–401, 679 N.E.2d 1099.

{¶20} Mother argues the trial court abused its discretion by denying her visitation with her child. A trial court enjoys broad discretion in deciding matters regarding the visitation of non-residential parents. *Matter of X.G.*, 5th Dist. Tuscarawas No. 2018 AP 04 0015, 2018-Ohio-4890, 2018 WL 6435764, ¶¶ 26-28 citing *Appleby v. Appleby*, 24 Ohio St.3d 39, 492 N.E.2d 831 (1986). However, a non-residential parent's right of visitation is a natural right and should be denied under extraordinary circumstances, including unfitness of the noncustodial parent or a significant risk of harm to the child. *Cremeans v. Cheadle*, 5th Dist. Licking No. 07 CA 25, 2008-Ohio-2148. The standard of review concerning visitation rights is whether the trial court committed an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). An abuse of discretion

implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶21} The juvenile court retains the authority to grant, limit, or eliminate visitation rights with respect to a child when crafting the final disposition of a case. In order to further a child's best interest, the trial court has the discretion to limit or restrict visitation rights. *Hurst v. Hurst*, 5th Dist. Licking No. 12-CA-70, 2013-Ohio-2674. "This includes the power to restrict the time and place of visitation, to determine the conditions under which visitation will take place, and to deny visitation rights altogether if visitation would not be in the best interest of the child." *Jannetti v. Nichol*, 7th Dist. Mahoning No. 97-CA-239, 2000 WL 652540 (May 12, 2000).

{¶22} Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence. *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997). The Ohio Supreme Court has also explained, "A reviewing court should not reverse a decision simply because it holds a different opinion concerning credibility of the witnesses and evidence submitted before the trial court. A finding of an error of law is a legitimate grounds for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997). Deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evidence in the parties' demeanor and attitude that does not translate to the record well." *Id.*

{¶23} In this case, we find no plain error or abuse of the discretion for the trial court to find it was in the best interest of the child to order no-contact between Mother and child until Mother successfully completed drug treatment. The evidence in this case demonstrated Mother was struggling with an addiction to heroin. The amended magistrate's decision found:

7. [Mother] was conveyed to both hearings from the Richland County Jail. On October 20, 2017, she was incarcerated for a probation violation. On January 19, 2018, [Mother] was awaiting sentencing for a felony. [Mother] testified that she had "so many (presumably drug-related) cases pending that I don't know which case" was the basis for her current confinement. On October 20, 2017, [Mother] testified that she had a recent opiate overdose but was not sure when it had occurred. [Mother's] Case Plan required that she successfully complete substance abuse treatment with random drug screens and releases of information to Children Services.

8. * * * [Mother] had voluntarily abandoned inpatient treatment in Cincinnati, Ohio without completing treatment and she had revoked her release of information to Children Services. In her testimony on October 20, [Mother] claimed that she had completed drug treatment in Cincinnati; she had walked away from aftercare at an unnamed facility because of "roommate conflicts"; that she had regularly attended a methadone clinic at "UCPC Cincinnati"; and that she had "stacks and stacks of clean drug screens." She presented no evidence of any of these claims. In fact, no evidence was presented indicating that [Mother] has completed nor is involved in ongoing

treatment for her substance abuse issues; and the Court finds that her claims to the contrary lack credibility.

(Amended Magistrate's Decision, Feb. 1, 2018).

{¶24} The trial court originally issued the no-contact order because Mother came to Father's home without permission while Father had visitation with the child. Mother's unsanctioned visit caused RCCSB to investigate an unsubstantiated sexual abuse allegation and Mother allegedly relapsed thereafter. It was within the juvenile court's discretion to find it would be in the best interest of the child to deny Mother visitation until she successfully completed a drug treatment program pursuant to her case plan. It is within Mother's control to re-establish visitation by demonstrating compliance with her case plan.

{¶25} Mother's sole Assignment of Error is overruled.

**CONCLUSION**

{¶26} The judgment of the Richland County Court of Common Pleas, Juvenile

Division is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.