[Cite as *In re A.J.B.*, 2011-Ohio-6176.]

IN THE COURT OF APPEALS OF MIAMI COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| | : | **C.A. CASE NO. 11CA006** |
| **IN RE: A.J.B.** | | |
| | : | **T.C. CASE NO. 20930451** |
| | : | **(Civil Appeal from** |
| | | **Common Pleas Court,** |
| | : | **Juvenile Division)** |

. . . . . . . .

**O P I N I O N**

Rendered on the 2nd day of December, 2011.

. . . . . . . .

Todd D. Severt, Atty. Reg. No. 0060076, 18 E. Water Street, Troy, OH 45373
        Attorney for Plaintiff-Appellee

Thomas R. Schiff, Atty. Reg. No. 0039881, 500 Lincoln Park Blvd., Suite 216, Kettering, OH 45429
        Attorney for Defendant-Appellant

. . . . . . . .

GRADY, P.J.:

{¶ 1}  Defendant, Ryan L. Bates, appeals from a final order of the juvenile division of the court of common pleas determining his parenting time with his minor child, A.J.B.

{¶ 2}  Ryan[1] and Sara Bates married in December of 2008.  They separated in early

_____

        [1]  **For clarity and convenience, the parties are identified by their first names.**

July of 2009. Sara returned to West Milton, in Miami County. Ryan remained in Zanesville, in Muskingum County.

{¶ 3} A.J.B. was born on July 23, 2009. Sara filed a complaint in the juvenile court on July 30, 2009, asking to be designated A.J.B.'s temporary custodian and residential parent. (Dkt. 1.) The court granted the motion, ex parte. (Dkt. 10.)

{¶ 4} Following further proceedings, the court on November 30, 2010 journalized an Agreed Entry or order. (Dkt. 68.) The order designated Sara the residential parent and legal custodian of A.J.B. Ryan was awarded parenting time with A.J.B. "every Saturday from 9:00 a.m. to Sunday at 9:00 a.m." Ryan was also ordered to pay monthly child support in the amount of $514.18.

{¶ 5} The parties each filed further applications regarding custody. The court held an evidentiary hearing on February 17, 2011 on those applications. A.J.B. was then nineteen months of age. The parties agreed that the seven consecutive weeks of summer visitation for which the court's Standard Parenting Time Schedule provides would not be appropriate, in view of A.J.B.'s age.

{¶ 6} On March 2, 2011, the court journalized its order regarding Ryan's parenting time. (Dkt. 73.) The court noted the parties' reservations concerning summer visitation, as well as their agreement that transition to the full Standard Parenting Time Schedule of visitation times would take more time. The court then ordered:

{¶ 7} "Currently the father has weekly visitation with his daughter from Saturday at 9:00 a.m. until Sunday at 9:00 a.m. The parties meet in Hilliard to implement the visitation.

{¶ 8} "* * *

{¶ 9} "It is clear that both parents love their daughter and want what is best for her. The court encourages cooperation and communication in this endeavor. While the court appreciates mother's concern for transitional ease, the court is not unmindful that the days of bonding with a young child cannot be recovered.

{¶ 10} "Paragraphs B and C of the November 30, 2010, Agreed Entry is amended and ordered as follows:

{¶ 11} "1. Starting March 18, 2011, father shall be entitled to parenting time every other week from Friday at 6:30 p.m. until Sunday at 6:30 p.m.

{¶ 12} "2. During the summer of 2011 (June - August), father shall be entitled to four weeks (7 day weeks) of parenting time, none of which shall be consecutive.

{¶ 13} "3. Starting September 1, 2011, father shall be entitled to parenting time every other week from Thursday at 6:30 p.m. until Sunday at 6:30 p.m.

{¶ 14} "4. During the summer of 2012, 2013 and 2014 (June - August), father shall be entitled to six weeks (7 day weeks) of parenting time with no more than two such weeks being consecutive.

{¶ 15} "5. Starting September 1, 2014, the court's standing order for parenting time shall become effective for that partial year and thereafter until further order of the court." (Dkt. 73.)

{¶ 16} "For the remainder of the year 2011, and the year 2012, the parties shall divide transportation and exchange [A.J.B.] at a mutually convenient midway point, or if unable to agree, at the currently used location.

{¶ 17} "Beginning January 1, 2013, father shall be responsible for all transportation

concerning weekly and/or summer visitation."

{¶ 18} Ryan filed a timely notice of appeal from this order, raising the following assignment of error:

{¶ 19} "THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN ORDERING PARENTING TIME FOR FATHER CONTRARY TO THE WISHES OF BOTH MOTHER AND FATHER."

{¶ 20} Determination or modification of rights of visitation pursuant to R.C. 3109.051 are within the sound discretion of the trial court. *Appleby v. Appleby* (1986), 24 Ohio St.3d 39, 41. "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 21} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 22} At the February 17, 2011 hearing, Ryan and Sara agreed to deviations from the court's Standard Parenting Time Schedule for Ryan's summer visitation with A.J.B. Ryan argues that the juvenile court abused its discretion when it deviated from the Standard Parenting Time Schedule in other respects that were not discussed. In particular, Ryan argues:

{¶ 23} "[w]hile the trial court ordered portions of the Standard Parenting Time Schedule, the court did not order the Standard Parenting Time Schedule in whole. Specifically, the court did not address Section (D) (Holidays), nor did the court address Section (E), (Mother's Day, Father's Day, the child's birthday, and Christmas), nor did the Court address Section (F) (Spring Break)." (Appellant's Brief, p. 5.)

{¶ 24} The juvenile court has exclusive original jurisdiction "to determine the custody of any child not a ward of another court of this state." R.C. 2151.23(A)(2). The court is charged to exercise that jurisdiction in accord with R.C. 3109.04. Paragraph (A)(1) of that section provides that, when allocating parental rights and responsibilities the court shall, consistent with the best interest of the child, protect "the right of the parent who is not the residential parent to have continuing contact with the children."

{¶ 25} R.C. 3119.08 provides:

{¶ 26} "Whenever a court issues a child support order, it shall include in the order specific provisions for regular, holiday, vacation, parenting time, and special visitation in accordance with section 3109.051 [3109.05.1], 3109.11 or 3109.12 of the Revised Code or in accordance with any other applicable section of the Revised Code."

{¶ 27} Pursuant to R.C. 3105.051(A), when the court denies parenting time on a finding that it would not be in the child's best interest, the court shall include in its journal findings of fact and conclusions of law in support of its order.

{¶ 28} R.C. 3109.051(F) provides:

{¶ 29} "(1) If the court, pursuant to division (A) of this section, denies parenting time to a parent who is not the residential parent or denies a motion for reasonable companionship

or visitation rights filed under division (B) of this section and the parent or movant files a written request for findings of fact and conclusions of law, the court shall state in writing its findings of fact and conclusions of law in accordance with Civil Rule 52.

{¶ 30} "(2) On or before July 1, 1991, each court of common pleas, by rule, shall adopt standard parenting time guidelines.  A court shall have discretion to deviate from its standard parenting time guidelines based upon factors set forth in division (D) of this section."

{¶ 31} R.C.  3109.051(D)(1)-(16) sets out factors the court must consider when ordering the time in which the non-residential parent may have contact with the child or children.   The same factors apply to permit a court to deviate from its standard parenting time order.   R.C. 3109.051(F)(2).   A non-residential parent who is denied requested contact for which the standard parenting time guidelines provide may request written findings of fact and conclusions of law from the court to explain the basis of a deviation ordered, pursuant to R.C. 3109.051(F)(1).

{¶ 32} App.R. 4(B)(2)(d) tolls the time for filing a notice of appeal in a juvenile proceeding if a party files "a request for findings of fact and conclusions of law under Civ.R. 52" until the court "enters an order resolving" the request.

{¶ 33} A review of the transcript of the February 17, 2011 evidentiary proceeding strongly suggests that the parties contemplated that the court would adopt the terms of the Standard Parenting Time Schedule, except with respect to current summer visitation.  Ryan did not request findings of fact and conclusions of law with respect to the court's failure to grant him the visitation times about which he now complains.

{¶ 34} "It is long-standing Ohio law that a court of record speaks only through its

journal, and not by oral pronouncement or written memoranda. * * * Thus, it follows that, when a trial court is not requested to specify its ruling, it is presumed that it followed the applicable standards and factors. * * *

{¶ 35} "* * * Indeed, where an appellant fails to request findings of fact and conclusions of law, 'there is no way for this court to determine that the trial court did not consider the best interests of the minor child. We must presume that the court correctly followed the law * * * .'" *Reynolds v. Nibert*, Scioto App. No. 01CA2771, 2002-Ohio-6133, at ¶13-14 (citations omitted).

{¶ 36} Ryan's failure to request the findings of fact and conclusions of law which R.C. 3109.051(F)(1) allows could be a basis to find that he waived his right to argue on appeal that the court abused its discretion when it deviated from its Standard Parenting Time Schedule with respect to the times about which Ryan now complains. However, in this instance, we believe that disposition would not serve the ends of justice.

{¶ 37} The court noted that Ryan "lives with his mother and father in Zanesville, about 3 hours from [A.J.B.'s] residence in West Milton." R.C. 3109.051(D)(2) directs a court in determining whether to grant parenting time to consider "[t]he geographical location of the residence of each parent and the distance between those residences." R.C. 3109.051(D)(4) directs the court to consider "[t]he age of the child."

{¶ 38} The juvenile court could have relied on R.C. 3109.051(D)(2) and (4) to find that it would not be in A.J.B.'s best interest currently to effect a transfer of A.J.B. from Sara to Ryan and back again for the one-day terms that holidays, Mother's and Father's Day, and the child's birthday all involve. Further, in view of A.J.B.'s age, it is unlikely that she has a

Spring Break. However, the Christmas visitation for which the Standard Parenting Time Schedule provides is generally a more extended period. Further, visitation during the Christmas season is highly significant to the process of "bonding with a young child" with which the court was concerned.

{¶ 39} The evidentiary hearing focused on summer visitation to an extent that the court may simply have failed to consider the other elements of the Standard Parenting Time Schedule. R.C. 3109.051(A) requires the court to journalize findings of fact and conclusions of law when denying requested parenting time. R.C. 3119.08 requires the court to otherwise grant certain parenting times when the court issues a child support order, and Ryan was ordered to pay child support.

{¶ 40} On this record, we believe the court abused its discretion when it failed to either order the elements of the Standard Parenting Time Schedule about which Ryan complains or, alternatively, to enter findings of fact and conclusions of law for denying them. The assignment of error is sustained. The order of March 2, 2011 from which the appeal was taken will be reversed and the case remanded for further proceedings consistent with this Opinion.

FAIN, J. and KLINE, J. concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Todd D. Severt, Esq.
Thomas R. Schiff, Esq.
Hon. W. McGregor Dixon, Jr.