[Cite as *Marinella v. Marinella*, 2013-Ohio-2932.]


IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY


REBECCA J. MARINELLA

        Plaintiff-Appellant

v.

MARK A. MARINELLA

        Defendant-Appellee

Appellate Case No. 25449

Trial Court Case No. 2011-DR-197

(Civil Appeal from Common Pleas
 Court, Domestic Relations)

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of July, 2013.

. . . . . . . . . . .

DALMA C. GRANDJEAN, Atty. Reg. #0024841, One South Main Street, Suite 1590, Dayton, Ohio 45402
and
DAVID M. McNAMEE, Atty. Reg. #0068582, 42 Woodcroft Trail, Suite D, Beavercreek, Ohio 45430
        Attorneys for Plaintiff-Appellant

KEITH R. KEARNEY, Atty. Reg. #0003191, Rogers & Greenberg, LLP, 2160 Kettering Tower, Dayton, Ohio 45423
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} The domestic relations court ordered that Father's parenting time with the parties' two minor children be unsupervised, but Mother thinks that it should be supervised. No evidence was presented, other than Mother's own testimony, that supervision is necessary. Both the psychologist who evaluated Father and the children's court-appointed guardian ad litem recommended that parenting time be unsupervised. We affirm.

**I.**

{¶ 2} Rebecca Marinella (Mother) and Mark Marinella (Father) married in 1993 and later had two children, both girls, one born in 2000, the other in 2003. The parties separated in 2008, and in 2011, Mother filed for divorce. At the final hearing the only contested issue was whether Father's parenting time should be supervised. Mother and Father each testified, and two written reports that had been submitted to the court were admitted into evidence. One report is from a psychologist who evaluated Father (Court Exhibit II), and the other report is from the children's guardian ad litem (GAL) (Court Exhibit I).

{¶ 3} The evaluating psychologist is John Matthew Fabian, Psy.D., J.D., ABPP, a board-certified forensic and clinical psychologist and fellowship-trained clinical neuropsychologist. It was Mother who first contacted him and asked him to evaluate Father. Dr. Fabian conducted a psychological and psychiatric evaluation, a parental-fitness evaluation, and a risk assessment of Father. He diagnosed Father with some psychological disorders and recommended that Father participate weekly in long-term individual therapy with a therapist who has knowledge, training, and expertise in those disorders. Dr. Fabian determined that Father's disorders are not connected to his or any other children. And it is Dr. Fabian's opinion that Father

"does not pose a significant threat to his daughters." (Court Exhibit II, 25). Dr. Fabian recommended that Father's parenting time be unsupervised.

{¶ 4} The GAL endorses Dr. Fabian's recommendation that Father participate in weekly therapy sessions with a therapist trained to handle his disorders. The GAL recognized that the children's safety is of "paramount concern." (Court Exhibit I, 5). He stated in his report that he "d[id] not believe father would intentionally harm the children." (*Id.*). The GAL too recommended that Father's parenting time be unsupervised.

{¶ 5} In September 2012, the trial court entered its parenting-time decision and orders. The court found that Father was receiving psychotherapy from a psychiatrist and had been in psychotherapy since February 2009. The court also found that Father participates in an "accountability group" and in emotional counseling sessions. The court further found that when the parties separated in 2008, Father's visits with the children were unsupervised,[1] though around 18 months before the final hearing, at Mother's insistence, his visits moved to a public place and were supervised by a retired FBI agent. The court found that no incidents of concern between Father and the children had ever been reported. The court ordered that Father have parenting time during the week and on certain weekend days–all unsupervised. The court also ordered that Father continue psychotherapy and follow the psychiatrist's recommendations.

{¶ 6} In October 2012, the trial court entered its final judgment and decree of divorce, in which the court reiterated its parenting-time and related orders.

{¶ 7} Mother appealed.

---

[1] The court actually says that Father's time with the children then was "unrestricted." Mother says that this is incorrect because his time was restricted in several ways. Based on the evidence, Mother is correct. But it is also clear from the evidence (and Mother does not dispute) that Father's time was unsupervised. That is the important point.

## II.

{¶ 8}    The sole assignment of error alleges that the trial court erred by ordering that parenting time be unsupervised. Mother says that credibility of the evidence is not at issue in this case and that the parties do not disagree about the material facts. Rather, she says, the issue here is whether a parent should have unsupervised time with his children when the parent has disorders like those that Father has and when the parent is not undergoing the intensive, long-term, specialized treatment recommended by a psychologist and the children's GAL.

{¶ 9}    In essence, Mother believes that the trial court's parenting-time order fails to adequately protect the children. Given Father's disorders, Mother is worried about the children being with him unsupervised. She wants Father to undergo intensive therapy with someone who specializes in the kinds of disorders he has, like Dr. Fabian and the GAL recommended. Mother indicates that if Father does this and if the therapist says that he is not a threat to his children, then she would not object to unsupervised visits.

{¶ 10}   The statute governing parenting time provides that, in a divorce like this one, the court must "make a just and reasonable order or decree permitting each parent who is not the residential parent to have parenting time with the child at the time and under the conditions that the court directs * * *." R.C. 3109.051(A). Mother makes two primary arguments against unsupervised parenting time. First, she argues that allowing unsupervised parenting time is against the manifest weight of the evidence, that the undisputed weight of the evidence establishes Father's disorders and that those disorders put the children at risk because of the fragility of his recovery, his failure to participate in intensive counseling with a specialist in dealing with the disorders, and the inability to reliably predict Father's future behavior. And

second, Mother argues that it is not "just and reasonable" to allow Father's parenting time to be unsupervised because of his disorders; his anger, hostility, and intimacy issues; and his refusal to acknowledge the severity of his mental health issues and his need for intensive treatment. The focus here is on the trial court's decision not to order that Father's parenting time be supervised.

{¶ 11}   The statute governing parenting time enumerates fifteen factors plus "[a]ny other factor in the best interest of the child," R.C. 3109.051(D)(16), that a court must consider "in determining * * * parenting time matters under this section," R.C. 3109.051(D). Mother says that the trial court failed to consider all of the statutory factors but rather made its decision based almost exclusively on the psychologist's and the GAL's recommendations. Arguments related to these factors concern the weight of the evidence. *See Szymczak v. Tanner*, 9th Dist. Medina No. 10CA0101-M, 2012-Ohio-540, ¶ 19.

{¶ 12}   "In its role as fact finder, a trial court may choose to believe or disbelieve any witness, including an expert witness." *H.R. v. L.R.*, 181 Ohio App.3d 837, 2009-Ohio-1665, 911 N.E.2d 321, ¶ 15 (10th Dist.). When an expert witness makes a recommendation with respect to supervision or parenting time, "a trial court may accept or reject that opinion in the course of assessing the weight and credibility of the evidence." (Citation omitted.) *Id.* Here, the opinion of both the psychologist who evaluated Father and the GAL is that Father does not pose a threat to the children. The only evidence that Father is a threat to the children is Mother's testimony. The trial court chose to reject Mother's opinion and accept the psychologist and GAL's unanimous opinion. The court's decision on the issue of supervision is not against the weight of the evidence.

{¶ 13}   Mother says that even if Father is not a threat, it is still not "just and reasonable"

to allow unsupervised time. She contends that unsupervised time is not in the children's best interest. It is within a trial court's discretion to determine matters of parenting time. *In re A.J.B.*, 2d Dist. Miami No. 11CA006, 2011-Ohio-6176, ¶ 20, citing *Appleby v. Appleby*, 24 Ohio St.3d 39, 41, 492 N.E.2d 831 (1986). A reviewing court will not disturb that determination unless there is an abuse of discretion, that is, unless the decision is "unreasonable, arbitrary or unconscionable," *Id*. "'[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable * * *.'" *Id*., quoting *AAAA Enterprises, Inc v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597_(1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Enterprises*_at 161. A reviewing court may not simply substitute its judgment for that of the trial court. *Berk v. Mathews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶ 14} In determining parenting-time matters, the focus must be on the child's best interest. *See* R.C. 3109.051(A), (C), (D)(16) (referring to the child's best interest). Mother says that, in deciding to allow unsupervised parenting time, the trial court did not consider all of the statutory factors but rather based its decision almost exclusively on the psychologist's and the GAL's recommendations. But in this case, on the narrow issue of whether Father's parenting time should be supervised, the key factor is factor seven, "[t]he health and safety of the child," R.C. 3109.051(D)(7). The opinions of both the psychologist and the GAL are that being with Father unsupervised is not a threat to the children's safety, and that parenting time should be unsupervised. Based on the evidence, the trial court's decision to allow unsupervised parenting time is not unreasonable. Therefore, regardless whether we might have decided differently, we cannot say that the trial court abused its discretion.

{¶ 15}  The sole assignment of error is overruled.

{¶ 16}  The judgment of the domestic relations court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.


Copies mailed to:

Dalma C. Grandjean
David M. McNamee
Keith R. Kearney
Hon. Denise L. Cross